# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| EASTSIDE LINCOLN MERCURY, INC., et al., | : | Case No. C-1-01-567 |
| | : | |
| | : | (Judge Dlott) |
| Plaintiffs, | : | |
| | : | **DEFENDANTS' REPLY** |
| vs. | : | **MEMORANDUM IN SUPPORT OF** |
| | : | **MOTION FOR SUMMARY** |
| FORD MOTOR COMPANY, et al., | : | **JUDGMENT** |
| | : | |
| Defendants. | : | |

Come now Defendants, Kenwood Dealer Group, Inc. (hereinafter "KDG") and Robert C. Reichert (hereinafter "Reichert") and respectfully submit the following Reply Memorandum in support of their Motion for Summary Judgment.

1. <u>Lack of Evidence of Damages</u>

Plaintiffs' claims against these Defendants include tortious interference with Plaintiffs' business and contractual rights with Defendant, Ford Motor Company, unfair competition with Plaintiffs' business, conspiracy with Co-Defendants to the detriment of Plaintiffs and fraudulent misrepresentation or failure to disclose to Plaintiffs material facts concerning the dealings of Ford Motor Company with Plaintiffs.[1]  As was demonstrated in these Defendants' Motion for Summary Judgment and supporting Memorandum, all of these claims have as a necessary element damages sustained by the Plaintiffs.  Despite the protestations to the contrary contained in their Memorandum in Opposition to the Motion for Summary Judgment, evidence supporting the existence of damages as a result of these moving Defendants' alleged tortious conduct does not exist.  In particular, Plaintiffs have argued by reference that the arguments raised and

---

[1] See, Plaintiffs' Complaint, Third Claim for Relief, Seventh Claim for Relief and Eighth Claim for Relief.

evidence adduced in those sections of Plaintiffs' Memorandum which oppose the Ford Defendants' Motion for Summary Judgment on the issue damages apply to these moving Defendants. (See Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment, p. 64). A review of the evidence adduced demonstrates the absence of any proof of damages resulting from the alleged conduct of KDG or Reichert. In particular, Plaintiffs have itemized six items of damage for which they believe they have introduced some evidence. (See Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment, p. 36). The damages itemized allegedly arise out of the conduct of Co-Defendant Ford and are not even attributed to any of the alleged tortuous conduct on the part of Defendants KDG or Reichert. Further, the Affidavit of Roger Bean, whom Plaintiffs argue is their designated expert, also fails to identify any specific amount of damage attributable to the conduct of Defendants Reichert or KDG.[2]

2.    Lack of Evidence Which Supports Tortious Interference with Contract

Plaintiffs argue that the third requisite element of a claim for tortious interference with contract, the intentional procurement of a breach thereof, is fulfilled by the existence of the Consolidator Agreement and the illegal degree of control which it gives Reichert/KDG over the Cincinnati market representation and facilities actions which impact ELM. (See Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment, p. 62). The critical element that is missing from Plaintiffs' purported proof that the requirement of an intentional procurement of the breach of a contract occurred is any evidence whatsoever that KDG or Reichert utilized an "illegal degree of control" to intentionally procure a breach of the franchise agreement between ELM and Ford. To the contrary, the testimony cited in Reichert/KDG's Memorandum in support of their Motion for Summary Judgment of Messrs. Woeste, Woodall and Beattie demonstrate no

---

[2] Paragraph 10 of Bean's Affidavit purports to attribute unspecified damages to the alleged manipulation of the vehicle allocation process and the market consolidation program by Defendants Reichert and KDG.

knowledge of any conduct of Reichert or KDG's employees which procured a breach of the franchise agreement. Plaintiffs repeatedly allege that Defendants Reichert/KDG benefited from claimed breaches of the franchise agreement. They do not and cannot point to any testimony, document or reasonable inference drawn therefrom, which demonstrates that Reichert/KDG intentionally procured the alleged breaches.

Although Plaintiffs assert that the remaining two elements of tortious interference with contract, lack of justification and resulting damage, cannot be seriously disputed, Plaintiffs do not provide any evidence which supports the existence of these elements. Plaintiffs' argue there is no legal justification for "railroading a competitor out of business". (See Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment, p. 63). However, fair competition provides the justification for the intentional procurement of a breach of contract. Fred Seigel Co. LPA v. Arter & Hadden, 85 Ohio St.3d 171, 181. Plaintiffs have failed to introduce any evidence to prove Reichert/KDG's competition has been anything but fair.

It is important for the Court to note that despite the assertions of Plaintiffs' counsel in their Memorandum concerning the effect of the claimed tortious interference on the part of Reichert/KDG, Plaintiffs are in fact, not out of business, and according to the testimony of Mr. Woeste, the value of ELM is increasing.[3]

Finally, Plaintiffs have relied extensively on the testimony of Manuel Eugene Mullins, a former employee of Northgate Lincoln Mercury, a dealership owned by the Kenwood Dealer Group. Mr. Mullins' testimony is offered many times by Plaintiffs for purposes of establishing a question of fact as to the preferential allotment of vehicles to the detriment of Eastside Lincoln Mercury and to the benefit of KDG dealerships. Contained in the pages cited by Plaintiffs of Mr. Mullins' testimony is the following:

---

[3] See Woeste Deposition, pp. 5-7, 53-54.

Q.    Can you recall any conversation where it was suggested by Mr. Letart that the dealer group was given the cars exclusive of Eastside Lincoln Mercury?

A.    No, I couldn't say that to be a fact . . .

Mullins Deposition, p. 45, ll. 2-5.

The only question of fact raised by Mr. Mullins' testimony is the true nature of his testimony.

3.    Lack of Evidence of Fraud or Civil Conspiracy

Plaintiffs have combined their argument contra Reichert/KDG's Motion for Summary Judgment as to the civil conspiracy and fraud claims with those arguments directed to the Motion of Co-Defendant Ford. Conspicuous by its absence is any reference in the arguments made contra Ford's Motion is a cite to any evidence which would fulfill the requisite elements of fraud on the part of Reichert/KDG. As was discussed in these Defendants' Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment, the only alleged misrepresentations by these Defendants were not believed by Mr. Woeste nor did he act upon those to his detriment. Absent these critical elements, the claim of fraud must fail, and absent fraud, the claim for civil conspiracy must fail. Whether or not Defendants Reichert/KDG benefited from the alleged tortious conduct of Ford is irrelevant to the determination of liability for civil conspiracy or fraud. Each of these torts requires acts and/or omissions on the part of the Defendants to form the basis of liability. These elements are absent from the evidence offered by Plaintiffs in opposition to Defendants' Motion for Summary Judgment.

Wherefore, Defendants Robert C. Reichert and the Kenwood Dealer Group respectfully request this Court grant summary judgment in their favor as to the claims of the Plaintiffs.

4

Respectfully submitted,

Steven D. Hengehold    (0030134)
Attorney for Defendants, Kenwood Dealer Group,
Inc. and Robert C. Reichert
RENDIGS, FRY, KIELY & DENNIS, LLP
900 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
(513) 381-9200
(513) 381-9206 – Facsimile
E-Mail:  shengehold@rendigs.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2003, I served the foregoing via ordinary U.S. Mail, postage prepaid upon the following:  Lawrence A. Flemer, Esq. and Gregory J. Berberich, Esq., Attorneys for Plaintiffs, 2900 Chemed Center, 255 East Fifth Street, Cincinnati, Ohio 45202 and Elizabeth A. McNellie, Esq., Attorney for Defendants Ford Motor Company, Jerry Carter and A.W. Walls, 65 East State Street, Suite 2100, Columbus, Ohio 43215.

Steven D. Hengehold    (0030134)
Attorney for Defendants, Kenwood Dealer Group,
Inc. and Robert C. Reichert
RENDIGS, FRY, KIELY & DENNIS, LLP
900 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
(513) 381-9200
(513) 381-9206 – Facsimile
E-Mail:  shengehold@rendigs.com