

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

EASTSIDE LINCOLN MERCURY, INC.,    :
et al.,                            :
                                   :
                  Plaintiffs,      :        Case No. C-1-01-567
                                   :
            v.                     :        Judge Susan J. Dlott
                                   :
FORD MOTOR COMPANY, et al.,        :
                                   :
                  Defendants.      :

### AFFIDAVIT OF LAWRENCE A. FLEMER

STATE OF OHIO        )
                     ) SS.
COUNTY OF HAMILTON   )

Lawrence A. Flemer, after being first duly cautioned and sworn, states as follows:

1.    I am co-counsel for the plaintiffs in this action.

2.    On or about April 16, 2003, I had a telephone conversation with Gene Mullins after he contacted William Woeste, Jr., dealer principal of Eastside Lincoln Mercury, Inc., and a plaintiff in this action. Mr. Mullins stated that he was previously employed as General Sales Manager of Northgate Lincoln Mercury, one of the members of the Kenwood Dealer Group, Inc. ("KDG"). I interviewed Mr. Mullins and determined that he had knowledge of facts that relate to the issues in this litigation. Mr. Mullins agreed to meet with William Woeste, Jr. to further discuss the information he had.

3.    On information and belief, Mr. Mullins met with Mr. Woeste on April 18, 2003. Following their meeting, I contacted Mr. Mullins and requested that the information he had provided be memorialized in writing. Mr. Mullins agreed to do so.

STATMAN, HARRIS, SIEGEL & EYRICH, LLC
2900 CHEMED CENTER • 255 EAST FIFTH STREET • CINCINNATI, OHIO 45202
(513) 621-2666 • FAX NO. (513) 621-4896

*Exhibit 2 page 2*
*Gene Mullins 06/25/03*

4.    Mr. Mullins was out of town until late April, 2003. Upon his return, I e-mailed a draft affidavit to him for his review on April 29, 2003.

5.    On the afternoon of April 29, 2003, I participated in a telephone conference with the Court, co-counsel Gregory J. Berberich, and Steven D. Hengehold, counsel for Defendants Robert Reichert and KDG ("Reichert/KDG"), and Elizabeth McNellie, counsel for Ford Motor Company. The purpose of the conference was to discuss scheduling several remaining depositions of Ford personnel. During the conference, Mr. Berberich disclosed that we had been contacted by a potential witness, and that we anticipated making a disclosure with respect to this individual under F.R.C.P. 26 within the next few days.

6.    On the evening of April 29, 2003, Mr. Mullins returned the affidavit to me, via e-mail, with additional information supplied in paragraphs 1, 6, 7, 8, 10 and 11. A true and accurate copy of the draft containing Mr. Mullins' changes, which were highlighted by him in red ink, is attached hereto as Exhibit A.

7.    On May 7, 2003, our office filed and served an Amended Rule 26 Disclosure regarding Mr. Mullins on Ford's counsel by hand delivery following the deposition of Warren Gardis. On May 8, the disclosure was sent to Reichert/KDG's counsel via fax.

8.    A true and accurate copy of the disclosure is attached hereto as Exhibit B. Our office did not have the home address or home telephone number for Mr. Mullins when the disclosure was prepared. This information is not available from directory assistance. The disclosure states that this information was unknown but would be supplemented.

9.    On the afternoon of May 7, 2003 and after we had filed the disclosure, Mr. Mullins left me a voicemail message with his home address so that I could mail the affidavit to him for final review and signature. His message indicated that he would sign the affidavit and return it to me. A true and accurate copy of the transcription of this voicemail message is attached hereto as Exhibit C.

10.   On May 8, 2003, I mailed Mr. Mullins his affidavit for review and signature. A true and accurate copy of my letter to Mr. Mullins that date, and the finalized affidavit are attached hereto as Exhibits D and E. Through this date, Mr. Mullins was responsive, cooperative and willing to testify.

11.   On the evening of May 13, 2003, Mr. Mullins left me a voicemail at my office, stating that he was not going to be signing the affidavit. His message stated that word must have gotten out [to] that other

2

organization, and that he had been mildly threatened with legal action, and that he was fearful that he would be counter-sued and have litigation expenses, something which he could not afford. A true and accurate copy of the transcription of the voicemail message is attached hereto as Exhibit F.

12.  I received Mr. Mullins' voicemail message on the morning of May 14, 2003. After reviewing the message, I left him a voicemail message asking that he contact me to provide further details with respect to what threats or statements had been made to him. On the same date, I sent Mr. Mullins a letter confirming my request that he contact me to discuss the situation further. A true and accurate copy of this letter is attached hereto as Exhibit G. Mr. Mullins has not responded as of this date.

13.  On May 14, 2003, I spoke with Steven Hengehold, counsel for Reichert/KDG. Mr. Hengehold confirmed that he had shared the disclosure with his client, Robert Reichert. I inquired whether Mr. Hengehold had contacted Gene Mullins. Mr. Hengehold stated he had not. I then inquired whether Mr. Reichert had contacted Mr. Mullins. Mr. Hengehold stated he did not know. On May 16, Mr. Hengehold informed me that Reichert/KDG denied having any contact with Mr. Mullins.

14.  On May 15, 2003, I spoke with Elizabeth McNellie, counsel for Ford, and inquired whether she had contacted Gene Mullins. Ms. McNellie stated she had not.

Further affiant sayeth naught.

_Lawrence A. Flemer_
Lawrence A. Flemer

Sworn to and subscribed in my presence on this 20 day of May, 2003.

_Mary Lee Bamonte_
Notary Public

MARY LEE BAMONTE
Notary Public, State of Ohio
My Commission Expires 06-18-05

3

Exhibit 2 page 4
Gene Mullins 06/25/03

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Affidavit of Lawrence A. Flemer was served on the 20th day of May, 2003 by first-class mail, postage prepaid, upon:

Elizabeth A. McNellie
Baker & Hostetler, LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215-4260

Steven D. Hengehold
Rendigs, Fry, Kiely & Dennis LLP
Fourth & Vine Tower, Suite 900
Cincinnati, Ohio 45202-3688

Alan J. Statman (#0012045)
Gregory J. Berberich (#0043651)
Lawrence A. Flemer (#0018673)
**STATMAN, HARRIS, SIEGEL & EYRICH, LLC**
2900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202-
Ph. (513) 621-2666
Fax. (513) 621-4896
Counsel for Plaintiff

4

*Ex. A*

*Exhibit 07/7/2003 5*
*Gene Mullins 06/25/03*

## Lawrence A. Flemer

**Subject:** FW: Affidavit edited


-----Original Message-----
**From:** Gene Mullins [mailto:genemullins@zoomtown.com]
**Sent:** Tuesday, April 29, 2003 7:19 PM
**To:** Lawrence A. Flemer
**Subject:** Affidavit edited

*Exhibit 2 page 6*
*Gene Mullins 06/25/03*

Gregory J. Berberich (0043651)
Lawrence A. Flemer (0018673)
**Counsel for Plaintiffs**

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **EASTSIDE LINCOLN MERCURY, INC. ET AL.,** | : | **CASE NO. 01CV00567** |
| | : | |
| **Plaintiffs,** | : | **Judge Susan J. Dlott** |
| | : | |
| **v.** | : | |
| | : | |
| **FORD MOTOR COMPANY, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |

STATE OF        )
                    )   SS
COUNTY OF    )

### AFFIDAVIT OF GENE MULLINS

Gene Mullins, after having been first duly cautioned and sworn, hereby states and deposes as follows, based upon his personal knowledge:

1.     Between April 1,1996 and April 15, 2002 I was employed as the General Sales Manager of Northgate Lincoln Mercury located at 8810 Colerain Avenue, Hamilton County, Ohio. At all relevant times, Northgate Lincoln Mercury was operated as part of the Kenwood Dealer Group, Inc. ("KDG") which owns and operates three Lincoln Mercury dealerships in the greater Cincinnati area, including Northgate Lincoln Mercury, Fairfield Lincoln Mercury and Lincoln Mercury of Kings Auto Mall. Robert Reichert, also a defendant in this action, is the president and majority owner of KDG.

2.     As General Sales Manager, my duties included ongoing contacts with Ford's Lincoln Mercury Regional Sales Office. During my tenure, Jerry Carter served as Lincoln Mercury's Regional Sales Manager. The Regional Office staff also included a

General Zone Manager (Matt Wilson) and a Zone Manager (Pat Letart). During my tenure, I had regular dealings with Mr. Letart on various issues, as set forth more fully herein and Mr. Carter as well.

3.    As General Sales Manager, I had frequent meetings and communications with Mr. Letart regarding new vehicle allocations from Ford, and the various sales incentive programs and advertising programs offered by Ford to support new vehicle sales. Mr. Letart told me on a number of occasions that he and Ford were incensed that one of our competitors in the greater Cincinnati area market, Eastside Lincoln Mercury ("ELM" or "Eastside"), was undercutting the prices on new vehicles to such a great extent, thereby challenging KDG's pricing practices and profitability. In response to ELM's low price practices, Ford, through Mr. Letart and others at the Regional Office, gave preferential treatment to Northgate Lincoln Mercury and the other Lincoln Mercury dealers in the Kenwood Dealer Group through various means.

4.    On one occasion, after Eastside Lincoln Mercury began running newspaper ads to sell Lincolns at $10,000 off MSRP, Mr. Letart arranged for Northgate Lincoln Mercury to receive an extra allocation of Lincolns, above and beyond the number normally allocated. Mr. Letart stated that he was doing so to keep these vehicles away from ELM and give the KDG an advantage. Mr. Letart stated he was "incensed" by ELM's practice of "giving away cars" and that he had previously warned Eastside in this regard.

5.    On another occasion, ELM began running ads for Grand Marquis at $5,000 off MSRP. Mr. Letart stated that the General Manager of Lincoln Mercury of Kings Auto Mall had complained to Ford's Regional Office in this regard and, as a result, Mr. Letart was told that the KDG dealerships would be allocated the lion's share of Grand Marquis, similarly leaving few vehicles available for ELM. Mr. Letart stated that this would "help solve the problem" and reiterated that Eastside was being warned in this regard.

6.    I am also aware that contests and sales incentive programs offered by Ford to KDG's Lincoln Mercury dealerships. On one occasion, Ford District office told us that Northgate Lincoln Mercury had won a sales contest "just for us". Mr. Carter informed my immediate superior Mr. Jerry Mullins (General Manager of Northgate Lincoln Mercury) and me that he had "rented" the Gentry Shop store in Fairfield and that all of our sales staff was allowed to go there and pick out two or three suits or sport coats at Ford's expense.

7.    During my tenure with Northgate Lincoln Mercury, I learned that one of the goals of Ford and Robert Reichert was to consolidate the greater Cincinnati dealer market by reducing the number of Lincoln Mercury dealer principals in the area. I was told that one

2

of my goals was to help put Jim Dixon Lincoln Mercury of Fairfield out of business, so that Ford could then sell/turn over the dealership to Mr. Reichert. It was also the goal of Ford and Mr. Reichert to put Eastside Lincoln Mercury out of business so that it could also be sold to Mr. Reichert. To accomplish these goals, I was told by Mr. Jerry Mullins to train the sales people in how to deal with Eastside's low pricing ads, and was told to tell our customers that our KDG dealerships were going to be the only Lincoln Mercury dealerships in the area before long. We also told our customers that the KDG dealerships were given preferential treatment by Ford, and received vehicles from Ford to which other area dealers, such as Eastside, could not have access.

8.      From time to time, I communicated with the General Manager of Lincoln Mercury of Kings Auto Mall, Larry Feldhaus. Mr. Feldhaus is a shareholder of the Kenwood Dealer Group as well as General Manager of the Kings location. On one occasion, Mr. Feldhaus called me and insisted that I stop doing dealer trades with Eastside Lincoln Mercury to find specific vehicles our customers wanted. He told me that Eastside Lincoln Mercury was "the enemy" because its low price advertising was costing KDG profits which were affecting his interest in KDG.

9.      During my tenure, the Office Manager at our dealership frequently came to me with checks issued by Ford to our dealership, and asked me how to "lay off" these funds against various new vehicles in our inventory.

10.     Ford routinely gave money and other forms of sales assistance to Northgate Lincoln Mercury and the KDG dealers. Sometimes the checks were payable to the dealership, sometimes to individual sales personnel, and sometimes to managers. On one occasion, I received a call from Mr. Don Bach, then manager at Jim Dixon Lincoln Mercury, who called to compare the size of his checks with those we were receiving from Ford.

11.     At year's end, Ford often made money available to dealers as "year end incentives" to support the sale of that year's model vehicle. These payments were typically referred to as "close out allowances". In addition to, and outside of the closeout allowance program, Northgate Lincoln Mercury was also given other monies by Pat Letart and Jerry Carter to help us move last year's model vehicles. These additional monies were unavailable to other dealers in our area.

Further affiant sayeth naught.

*Exhibit 2 page 9*
*Gene Mullins 06/25/03*

_____

Gene Mullins


Sworn to and subscribed in my presence on this ___ day of May, 2003.



_____

Notary Public


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Affidavit of Gene

Mullins was served via ordinary U.S. mail on this ____ day of May, 2003 to the

following:

Steven D. Hengehold
Rendigs, Fry, Kiely & Dennis
One West Fourth Street, Suite 900
Cincinnati, Ohio  45202-3688

Elizabeth A. McNellie
Baker & Hostetler
Capitol Square, Suite 2100
65 East State Street
Columbus, Ohio  43215-4260


_____

Gregory J. Berberich (0043651)
Lawrence A. Flemer (0018673)
STATMAN, HARRIS, SIEGEL & EYRICH, LLC
2900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio  45202
Tel.    (513) 621-2666
Fax    (513) 621-4896

4

*Exhibit 2 page 10*
*Gene Mullins 06/25/03*

Attorneys for Plaintiffs



FILED

MAY 0 7 2003

KENNETH J. MURPHY, Clerk
CINCINNATI, OHIO

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

EASTSIDE LINCOLN MERCURY, et al.                :

                    Plaintiffs,                 :       Case No.  C-1-01-567

v.                                              :       District Judge Susan J. Dlott

FORD MOTOR COMPANY, et al.                      :       AMENDED
                                                :       RULE 26 DISCLOSURES OF
                    Defendants.                 :       PLAINTIFFS
                                                :

---

Come now the Plaintiffs, Eastside Lincoln Mercury, Inc. ("ELM") and William

Woeste, Jr., by and through counsel, and amend their disclosures under Rule 26(a)(1)

of the Federal Rules of Civil Procedure as follows:

Plaintiffs hereby make this disclosure in accordance with Rule 26(a)(1) of the

Federal Rules of Civil Procedure.  The Plaintiffs make the following disclosure subject

to and without waiving their right to protect from disclosure (a) any and all

communications protected from disclosure by the attorney-client privilege, (b) any and

all work-product conclusions, opinions, or legal theories of the Plaintiffs' attorneys or

other representatives concerning this litigation, and (c) any and all confidential

information until a suitable protective order is entered to protect the confidentiality of

such information.  The Plaintiffs make this disclosure with the best information available

to them at the time disclosure was required by the Federal Rules of Civil Procedure.

The Plaintiffs will file a supplemental disclosure should additional information subject to

disclosure be located.

## DISCLOSURES

1.    Rule 26(a)(1)(A) - The name and, if known, the address and telephone number

of each individual likely to have discoverable information that the disclosing party may

use to support its claims or defenses, unless solely for impeachment, identifying the

subjects of the information.

B.    Representatives of Defendants and others:

26.    Mr. Gene Mullins
        former General Sales Manager
        Northgate Lincoln Mercury
        address and contact information are unknown but will be supplemented

Mr. Mullins will testify about his experiences working for the Kenwood Dealer
Group ("KDG").  He will testify regarding admissions made and actions undertaken by
representatives of Ford and KDG which establish their cooperative efforts to damage
Eastside Lincoln Mercury's ("ELM") operations for the purpose of achieving ELM's
closure or sale to KDG.  These efforts were done in full cooperation between Ford and
KDG and included, but were not limited to the following:

1)    preferential allocation of vehicles to KDG and reduction of ELM's vehicle
        allocation,

2)    distribution of marketing money, financial assistance, and other financial
        benefits to KDG dealerships, often through "sham" contests and vehicle
        programs, which were neither offered nor made available to ELM,

3)    training sales staff to advise customers that KDG received preferential
        treatment and vehicle allocations from Ford which were not available to
        ELM and that KDG would soon be the only Lincoln Mercury dealer in the
        area, and

4)    refusal to "dealer trade" with ELM to further deprive ELM of the
        opportunity to sell vehicles.

Mr. Mullins will also testify as to similar conduct by Ford and KDG with regard to
the Jim Dixon Lincoln Mercury operation and Dixon's eventual sale to KDG.

STATMAN, HARRIS, SIEGEL & EYRICH, LLC
2900 CHEMED CENTER • 255 EAST FIFTH STREET • CINCINNATI, OHIO 45202
(513) 621-2666 • FAX NO. (513) 621-4896

Respectfully submitted,

Gregory J. Berberich (0043651)
Statman, Harris, Siegel & Eyrich, LLC
2900 Chemed Center
255 E. Fifth Street
Cincinnati, Ohio 45202
(513) 621-2666
(513) 621-4896 (fax)
Trial Attorney for Plaintiffs

OF COUNSEL:

Loula Fuller, Esq.
Myers & Fuller, P.A.
402 Office Plaza Drive
Tallahessee, Florida 32301

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiffs' Amended Rule 26 Disclosures has been sent by regular U.S. Mail, postage pre-paid to Elizabeth A. McNellie, Attorney for Defendants, Baker & Hostetler, LLP, 65 East State Street, Suite 2100, Columbus, Ohio 43215-4260 and Steven D. Hengehold, Rendigs, Fry, Kiely & Dennis LLP, Fourth & Vine Tower, Suite 900, Cincinnati, Ohio 45202-3688 this _____ day of May, 2003.

Gregory J. Berberich

236607

3

*Ex. C*

*Exhibit 2 page 14*
*Gene Mullins 06/25/03*

Transcription of Message from Gene Mullins

Hi Larry, Gene Mullins.  If you want to overnight that to me, send it to my home address.  It is 1698 Fairside Court, Florence, Kentucky 41042.  Thanks now.  I'll take a look at 'em and sign 'em and get 'em back to you.  Thanks.

Message sent Wednesday, May 7 at 3:44 p.m. from an outside party

EX. 1)

*Exhibit* 2 *page* 15
Gene Mullins 06/25/03

STATMAN HARRIS SIEGEL & EYRICH LLC

ATTORNEYS AT LAW

CINCINNATI OFFICE
2900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
T 513.621.2666
F 513.621.4896

DAYTON OFFICE
1520 Fifth Third Center
Dayton, Ohio 45402
T 937.222.1090
F 937.222.1046

CHICAGO OFFICE
333 West Wacker Drive
Suite 1710
Chicago, IL 60606
T 312.263.1070
F 312.263.1201

INDIANA OFFICE
10037 Western Row
Dillsboro, IN 47018
T 812.432.9150
F 812.432.9151

Alan J. Statman •
Jeffrey P. Harris
Robert H. Siegel
Dav    rich
Tho.    Bergman
T. Scott Gilligan •
Alan I. Ehrenberg ••
Howard L. Richshafer
Scott C. Frost • –
Robert A. Bardach
Thomas R. Noland
Thomas S. Sapinsley *
Paul D. Rattermann

William B. Fecher
Fern E. Goldman
Gregory J. Berberich •
Paul H. Shaneyfelt
Thomas A. Wietholter •
Ann B. Miller
Maura Moran Campbell
Tracy L. Hawkins •
Kathleen E. Weeks ••
Brian T. Giles
Jill S. Levison •••
Eileen E. Madda ••
David A. Ranz •
S. Scott Martin
Stacie E. Barhorst

OF COUNSEL
Reuel D. Ash
Lawrence A. Flemer •
Robert F. Cowdrey
Kimberly A. Schmaltz ••

RETIRED
George C. Eyrich

also    d to practice in:
Kentucky
New York •••
District of Columbia •
Illinois and New York –
admitted to practice in:
Illinois only ••
Indiana only ••

May 8, 2003

Mr. Gene Mullins
1698 Fairside Court
Florence, KY 41042

    Re:    Eastside Lincoln Mercury, et al. v. Ford Motor Company, et al.

Dear Mr. Mullins:

    Enclosed please find your affidavit which has been prepared after our discussions. Please review it carefully, and if the wording meets with your approval, kindly sign the affidavit before a notary public and return it to us as soon as possible in the enclosed self-addressed, stamped envelope.

    Please call if you have any questions.

                Very truly yours,

                Lawrence A. Flemer

LAF/eam
Enclosure

*Exhibit 2*  *page 16*
*Gene Mullins 06/25/03*

Alan J. Statman (0012045)
Gregory J. Berberich (0043651)
Lawrence A. Flemer (0018673)
Counsel for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| EASTSIDE LINCOLN MERCURY, INC. ET AL., | : | CASE NO. 01CV00567 |
| | : | |
| Plaintiffs, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | |
| | : | |
| FORD MOTOR COMPANY, ET AL., | : | |
| | : | |
| Defendants. | : | |

STATE OF KENTUCKY   )
                        )     SS
COUNTY OF BOONE    )

### AFFIDAVIT OF GENE MULLINS

Gene Mullins, after having been first duly cautioned and sworn, hereby states and deposes as follows, based upon his personal knowledge:

1. Between April 1,1996 and April 15, 2002 I was employed as the General Sales Manager of Northgate Lincoln Mercury located at 8810 Colerain Avenue, Hamilton County, Ohio. At all relevant times, Northgate Lincoln Mercury was operated as part of the Kenwood Dealer Group, Inc. ("KDG") which owns and operates three Lincoln Mercury dealerships in the greater Cincinnati area, including Northgate Lincoln Mercury, Fairfield Lincoln Mercury and Lincoln Mercury of Kings Auto Mall. Robert Reichert, also a defendant in this action, is the president and majority owner of KDG.

2. As General Sales Manager, my duties included ongoing contacts with Ford's Lincoln Mercury Regional Sales Office. During my tenure, Jerry Carter served as Lincoln Mercury's Regional Sales Manager. The Regional Office staff also included a

General Zone Manager (Matt Wilson) and a Zone Manager (Pat Letart). During my tenure, I had regular dealings with Mr. Letart on various issues, as set forth more fully herein and Mr. Carter as well.

3.     As General Sales Manager, I had frequent meetings and communications with Mr. Letart regarding new vehicle allocations from Ford, and the various sales incentive programs and advertising programs offered by Ford to support new vehicle sales. Mr. Letart told me on a number of occasions that he and Ford were incensed that one of our competitors in the greater Cincinnati area market, Eastside Lincoln Mercury ("ELM" or "Eastside"), was undercutting the prices on new vehicles to such a great extent, thereby challenging KDG's pricing practices and profitability. In response to ELM's low price practices, Ford, through Mr. Letart and others at the Regional Office, gave preferential treatment to Northgate Lincoln Mercury and the other Lincoln Mercury dealers in the Kenwood Dealer Group through various means.

4.     On one occasion, after Eastside Lincoln Mercury began running newspaper ads to sell Lincolns at $10,000 off MSRP, Mr. Letart arranged for Northgate Lincoln Mercury to receive an extra allocation of Lincolns, above and beyond the number normally allocated. Mr. Letart stated that he was doing so to keep these vehicles away from ELM and give the KDG an advantage. Mr. Letart stated he was "incensed" by ELM's practice of "giving away cars" and that he had previously warned Eastside in this regard.

5.     On another occasion, ELM began running ads for Grand Marquis at $5,000 off MSRP. Mr. Letart stated that the General Manager of Lincoln Mercury of Kings Auto Mall had complained to Ford's Regional Office in this regard and, as a result, Mr. Letart was told that the KDG dealerships would be allocated the lion's share of Grand Marquis, similarly leaving few vehicles available for ELM. Mr. Letart stated that this would "help solve the problem" and reiterated that Eastside was being warned in this regard.

6.     I am also aware that contests and sales incentive programs offered by Ford to KDG's Lincoln Mercury dealerships. On one occasion, Mr. Letart told us that Northgate Lincoln Mercury had won a sales contest "just for us", meaning the KDG dealerships. Mr. Carter informed my immediate superior Mr. Jerry Mullins (General Manager of Northgate Lincoln Mercury) and me that he had "rented" the Gentry Shop store in Fairfield and that all of our sales staff was allowed to go there and pick out two or three suits or sport coats at Ford's expense.

7.     During my tenure with Northgate Lincoln Mercury, I learned that one of the goals of Ford and Robert Reichert was to consolidate the greater Cincinnati dealer market by reducing the number of Lincoln Mercury dealer principals in the area. I was told that one

Exhibit 23 page 18
Gene Mullins 06/25/03

of my goals was to help put Jim Dixon Lincoln Mercury of Fairfield out of business, so that Ford could then sell/turn over the dealership to Mr. Reichert. It was also the goal of Ford and Mr. Reichert to put Eastside Lincoln Mercury out of business so that it could also be sold to Mr. Reichert. To accomplish these goals, I was told by Mr. Jerry Mullins to train the sales people in how to deal with Eastside's low pricing ads, and was told to tell our customers that our KDG dealerships were going to be the only Lincoln Mercury dealerships in the area before long. We also told our customers that the KDG dealerships were given preferential treatment by Ford, and received vehicles from Ford to which other area dealers, such as Eastside, could not have access.

8.    From time to time, I communicated with the General Manager of Lincoln Mercury of Kings Auto Mall, Larry Feldhaus. Mr. Feldhaus is a shareholder of the Kenwood Dealer Group as well as General Manager of the Kings location. On one occasion, Mr. Feldhaus called me and insisted that I stop doing dealer trades with Eastside Lincoln Mercury to find specific vehicles our customers wanted. He told me that Eastside Lincoln Mercury was "the enemy" because its low price advertising was costing KDG profits which were affecting his interest in KDG.

9.    During my tenure, the Office Manager at our dealership frequently came to me with checks issued by Ford to our dealership, and asked me how to "lay off" these funds against various new vehicles in our inventory.

10.    Ford routinely gave money and other forms of sales assistance to Northgate Lincoln Mercury and the KDG dealers. Sometimes the checks were payable to the dealership, sometimes to individual sales personnel, and sometimes to managers. On one occasion, I received a call from Mr. Don Bach, then manager at Jim Dixon Lincoln Mercury, who called to compare the size of his checks with those we were receiving from Ford.

11.    At year's end, Ford often made money available to dealers as "year end incentives" to support the sale of that year's model vehicle. These payments were typically referred to as "close out allowances". In addition to, and outside of the closeout allowance program, Northgate Lincoln Mercury was also given other monies by Pat Letart and Jerry Carter to help us move last year's model vehicles. These additional monies were unavailable to other dealers in our area, according to Mr. Letart.

Further affiant sayeth naught.

3

_____
Gene Mullins

Sworn to and subscribed in my presence on this ___ day of May, 2003.

_____
Notary Public

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Affidavit of Gene Mullins was served via ordinary U.S. mail on this ____ day of May, 2003 to the following:

Steven D. Hengehold
Rendigs, Fry, Kiely & Dennis
One West Fourth Street, Suite 900
Cincinnati, Ohio  45202-3688

Elizabeth A. McNellie
Baker & Hostetler
Capitol Square, Suite 2100
65 East State Street
Columbus, Ohio  43215-4260

_____
Gregory J. Berberich (0043651)
Lawrence A. Flemer (0018673)
STATMAN, HARRIS, SIEGEL & EYRICH, LLC
2900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio  45202
Tel.    (513) 621-2666
Fax    (513) 621-4896

Attorneys for Plaintiffs

4

Transcribed Phone Message from Gene Mullins
By Libby Middleton

Hi Larry, Gene Mullins.  Larry, I'm afraid I have some bad news for you.  I'm not going to be signing that affidavit.  You know, after thinking about it pretty long and hard, there's just no upside in it for Gene Mullins.  I mean, I've burned enough bridges behind me it seems and word must have got out - that other organization and I've been mildly threatened with legal action for whatever reason and my fear is that in the event that I sign that and they decide to countersue me, I'm going to have some litigation expense and you know what, I don't really need it.  So sorry I couldn't help you.  I don't see, you know, at this point my decision is irrevocable.  So in any event, sorry I couldn't help you.  I wish you luck with, you know, the proceeds.

Message sent Tuesday, May 13, 2003 at 8:34 p.m. from outside party

$Ex. G$

STATMAN HARRIS SIEGEL & EYRICH LLC

ATTORNEYS AT LAW

Exhibit __2__ page _21_
Gene Mullins 06/25/03

CINCINNATI OFFICE
2900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
T 513.621.2666
F 513.621.4896

DAYTON OFFICE
1520 Fifth Third Center
Dayton, Ohio 45402
T 937.222.1090
F 937.222.1046

CHICAGO OFFICE
333 West Wacker Drive
Suite 1710
Chicago, IL 60606
T 312.263.1070
F 312.263.1201

INDIANA OFFICE
10037 Western Row
Dillsboro, IN 47018
T 812.432.9150
F 812.432.9151

Alan J. Statman •
Jeffrey P. Harris •
Robert H. Siegel •
Dav⋯ich •
Thor⋯ Bergman •
T. Scott Gilligan •
Alan I. Ehrenberg ••
Howard L. Richshafer •
Scott C. Frost • –
Robert A. Bardach •
Thomas R. Noland •
Thomas S. Sapinsley •
Paul D. Rattermann •

William B. Fecher •
Fern E. Goldman •
Gregory J. Berberich •
Paul H. Shaneyfelt •
Thomas A. Wietholter •
Ann B. Miller •
Maura Moran Campbell •
Tracy L. Hawkins •
Kathleen E. Weeks ••
Brian T. Giles •
Jill S. Levison •••
Eileen E. Madda ••
David A. Ranz •
S. Scott Martin •
Stacie E. Barhorst •

OF COUNSEL
Reuel D. Ash •
Lawrence A. Flemer •
Robert F. Cowdrey •
Kimberly A. Schmaltz ••

RETIRED
George C. Eyrich •

also      l to practice in:
Kentucky •
New York •••
District of Columbia ⋆
Illinois and New York –
admitted to practice in:
Illinois only ••
Indiana only ••

May 14, 2003

Mr. Gene Mullins
1698 Fairside Court
Florence, KY  41042

    Re:    Eastside Lincoln Mercury, et al. v. Ford Motor Co., et al.

Dear Mr. Mullins:

      This morning I received the voicemail you left for me yesterday evening in connection with your affidavit. You indicated that someone has made a threat to you, and threatened you with legal action of some kind and, as a result, you have decided not to sign the affidavit I sent you on May 8. No one is permitted to threaten a witness or do anything to intimidate you or obstruct your role as a witness. Our case is pending in the federal District Court and matters relating to witness testimony are under the supervision and protection of a United States District Judge.

      We need to understand exactly what threats or statements have been made to you so that we can promptly bring this matter before the Court. I left a voicemail for you this morning to this effect, and am writing this letter to confirm my request that you contact me immediately to discuss this situation further.

      Please call me at your earliest opportunity.

                                        Very truly yours,

                                        Lawrence A. Flemer

                                        Lawrence A. Flemer

LAF/eam
259448.1

*Exhibit 2 page 22*
*Gene Mullins 06/25/03*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EASTSIDE LINCOLN MERCURY, et al.   :

           **Plaintiffs,**   :   Case No.  C-1-01-567

                 :

**v.**                 :   District Judge Susan J. Dlott

                 :

**FORD MOTOR COMPANY, et al.**   :   <u>NOTICE OF FILING</u>

                 :   <u>AUDIO TAPE</u>

         **Defendants.**   :

                 :

---

Plaintiffs, Eastside Lincoln Mercury, Inc. ("ELM") and William Woeste, Jr., by and through counsel, hereby give notice of filing the audio tape of Gene Mullins in support of their Motion to Show Cause in this action.

Respectfully submitted,

Alan J. Statman (#0012045)
Gregory J. Berberich (#0043651)
Lawrence J. Flemer (#0018673)
Statman, Harris, Siegel & Eyrich, LLC
2900 Chemed Center
255 E. Fifth Street
Cincinnati, Ohio 45202
(513) 621-2666
(513) 621-4896 (fax)
Trial Attorneys for Plaintiffs

**OF COUNSEL:**

Loula Fuller, Esq.
Myers & Fuller, P.A.
402 Office Plaza Drive
Tallahessee, Florida 32301

*Exhibit 2 page 23*
*Gene Mullins 06/25/03*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of Filing Audio Tape was served on the 20th day of May, 2003 by regular U.S. Mail, postage pre-paid, upon:

Elizabeth A. McNellie
Baker & Hostetler, LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215-4260

Steven D. Hengehold
Rendigs, Fry, Kiely & Dennis LLP
Fourth & Vine Tower, Suite 900
Cincinnati, Ohio 45202-3688

Gregory J. Berberich

259778.1