# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

EASTSIDE LINCOLN MERCURY, INC.,      :
et al.,      :

     :

           Plaintiffs,      :      Case No. C-1-01-567

     :

       v.      :      Judge Susan J. Dlott

     :

FORD MOTOR COMPANY, et al.,      :

     :

           Defendants.      :

## FORD DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE SUPPLEMENTAL DAMAGES REPORT OF ROGER M. BEAN

This Court afforded plaintiffs the opportunity to supplement the testimony of their damages expert despite the fact that plaintiffs had never adequately disclosed his testimony. Instead of supplementing the damage calculations that it was represented Mr. Bean would make, plaintiffs abused the indulgence of the Court to incorporate testimony from an expert that was expressly excluded, to create new documents that the Ford Defendants had never seen before upon which Mr. Bean could "rely," and to transform Mr. Bean into an expert to address all of the liability arguments that the Ford Defendants had raised in their Motion for Summary Judgment.

If accepted, the supplemental filing (the "Bean Damages Report") will *reward* plaintiffs for having failed to comply with this Court's express deadlines and prejudice the Ford Defendants. Specifically, plaintiffs will be able to present the opinions of an expressly excluded expert without the Ford Defendants having the opportunity to cross examine him. The Ford

Defendants will never be able to discover information about the "evidence" disclosed and/or

created after Motions for Summary Judgment were filed and upon which Mr. Bean now claims

to rely.  Moreover, plaintiffs have attempted to undermine the Ford Defendants' ability to obtain

summary judgment based on the evidence adduced during discovery by manufacturing an

"expert" after the filing of those Motions to reach opinions that purport to create genuine issues

of material fact.  Plaintiffs' unabashed abuse of the Court's Order allowing supplementation, and

the palpable, resulting prejudice to the Ford Defendants, should not be accepted by this Court.


**A.    Plaintiffs' covert effort to submit the testimony and evidence of Mr. Glen Watkins, and their rationalization of that effort following its exposure, should be rejected. Therefore, the Bean Damages Report should be stricken.**

Plaintiffs do not dispute that, despite this Court's express denial of their request to submit

the expert testimony and/or evidence of Mr. Glen Watkins, they incorporated the Watkins

material into the Bean Damages Report.  Plaintiffs' Memo. in Opp. at 6-7; Bean at 36-40, 152

(Exh. A).[1]  Plaintiffs argue, however, that while they were denied the opportunity to use Mr.

Watkins as an expert, they were somehow *not* barred from incorporating his work or opinions

(without any attribution to Mr. Watkins whatsoever) into the Bean Damages Report, and

submitting that material under the guise of Mr. Bean's own work product.  Plaintiffs' Memo. in

Opp. at 6-7.  Plaintiffs' position is simply beyond reason.

---

[1] Copies of the transcript of Mr. Bean's deposition and the September 29, 2003 hearing have been filed with the Court.  Copies of the cited pages are attached as Exhibits.

The prejudice to the Ford Defendants is equally apparent. Not only would plaintiffs have the full benefit of the barred expert, that expert would be beyond the reach of any cross-examination or exploration by the Ford Defendants.[2]

**B.    Plaintiffs' effort to distract this Court from the Ford Defendants' prejudice as a result of plaintiffs' failure to satisfy their document production obligations should be rejected. As a result of Mr. Bean's reliance upon documents never produced to the Ford Defendants during discovery, the Bean Damages Report should be stricken.**

Plaintiffs do not deny that Mr. Bean relied on documents never before produced to the Ford Defendants during the lengthy course of discovery, many of which were created for purposes of supporting the Bean Damages Report. Contrary to plaintiffs' representation, the Ford Defendants' prejudice as a result of plaintiffs' failure to produce documents has no relation to their ability to prepare for Mr. Bean's deposition, but is much broader and more damaging.

Plaintiffs' failure to satisfy their obligation to produce these documents timely or the creation of them after Motions for Summary Judgment had been filed and discovery had concluded, has prevented the Ford Defendants from using them or discovering information as to their foundation during the course of fact witness depositions over the last year or more. The Ford Defendants deposition, discovery, and dispositive motion strategy were based upon the

---

[2] Plaintiffs also attempt to excuse the improper injection of Mr. Watkins' opinions into the report of Mr. Bean by making an unsubstantiated claim that Ford spoliated evidence. Ford's admission that certain documents do not exist, however, does not mean that those documents were spoliated. In order for plaintiffs to receive any type of relief based on spoliation, they would need to show: (1) pending litigation existed involving the parties, (2) the alleged spoliator knew of the existence or likelihood of litigation, (3) the alleged spoliator willfully or wrongfully destroyed, altered, or concealed evidence to disrupt the adverse party's case, (4) spoliation of the evidence disrupted the adverse party's case, and (5) the adverse party was damaged by the spoliation. *Smith v. Howard Johnson Co.,* 67 Ohio St.3d 28, 29 (1993). Plaintiffs conveniently have submitted no evidence that any of these requirements of a spoliation claim exist. Notably, the allocation data compilation documents that they requested were simply never created in the first place. Moreover, the underlying documents that would have been used to create the documents that plaintiffs requested were discarded, for every dealership in the country, before plaintiffs' complaint was filed. Therefore, plaintiffs can never satisfy the standard to show spoliation. Plaintiffs' generalized claim regarding "destroyed documents" is merely another effort to deflect from their failure to designate experts in a timely fashion and to rely upon inadmissible evidence and speculation to support their specious claims.

reasoned conclusion that plaintiffs had disclosed relevant and material documents.  If the Bean

Damages Resport is not stricken, plaintiffs will have the benefit of being allowed to rely on these

new, undisclosed documents without the Ford Defendants having the opportunity to obtain

discovery on this underlying data.

C.     **Plaintiffs' belated effort to transform Mr. Bean from a damages expert into an
        expert on all issues of liability should be rejected.  As a result, the Bean Damages
        Report should be stricken.**

   Despite plaintiffs' brand new contention that Mr. Bean was always intended to be an

expert about anything and everything at all relevant to this case, there can be no reasonable

dispute that until plaintiffs were denied the opportunity to belatedly offer expert testimony on

liability, Mr. Bean was disclosed as simply a damages expert.  Mr. Bean testified expressly to

that effect during his October 29, 2003 deposition.  When asked about his areas of testimony, he

replied candidly:  "My purpose in this engagement was *to assist counsel in the damage*

*calculations . . .*"  Bean at 6 (emphasis added).  Mr. Bean's Damages Report itself sets forth Mr.

Bean's purpose and is consistent with his deposition testimony in its recitation of Mr. Bean's

engagement:

> At the request of counsel for Eastside Lincoln Mercury (Eastside or ELM) and William
> F. Woeste, Jr. I prepared the attached report *setting forth the damages incurred by*
> *Eastside Lincoln Mercury and Mr. Woeste* as a result of the actions of Ford Motor
> Company, Inc. and Robert Reichert/Kenwood Dealer Group (Reichert/KDG).

Bean Damages Report at 2 (¶A.1) (emphasis added).

   Even Plaintiffs' prior filings with this Court (before they were confronted with their

absence of evidence on liability issues) admitted that Mr. Bean was designated a *damages* expert.

For example, in their Memorandum in Support of Plaintiffs' Motion for Leave to Identify

Additional Expert Witness, they admitted the following:

> This case is scheduled for Jury Trial to begin on December 1, 2003. Pursuant to the
> Court's prior Scheduling Order, the deadline for plaintiffs' disclosure of expert witnesses
> was July 8, 2002. . .On that date, plaintiffs filed an Identification of Experts listing
> ELM's accountant, Roger Bean, as their expert *who would testify regarding damages
> issues.*[3]

Plaintiffs' Motion for Leave to Identify Additional Expert Witness at 2 (emphasis added).

This Court will no doubt recall that, contrary to plaintiffs' assertions, the context of this

Court's order allowing plaintiffs to supplement Mr. Bean's evidence was the recognition of all

involved that Mr. Bean would testify regarding the issue of plaintiffs' alleged damages. *See,

e.g.,* 9/29/03 Trans. at 4-6, 14, 18-19, 24-25 (Exh. B).

Instead of honoring this Court's order allowing them to supplement Mr. Bean's opinions

on the damages issue, plaintiffs instead attempted to exploit that order in an effort to correct all

of the deficiencies in their case that were exposed in the pending Motions for Summary

Judgment and which they were barred from correcting through the evidence of an "additional"

expert. Plaintiffs' attempt to use Mr. Bean to address broad substantive questions of liability

raised by the Ford Defendants in their Motion for Summary Judgment must be rejected.

Therefore, the Bean Damages Report should be stricken.[4]

**D.      The case law cited by plaintiffs is irrelevant to the Ford Defendants' Motion.**

Plaintiffs cite a number of cases for the proposition that ". . . a motion to strike affidavits

(and exhibits) is not appropriate in a summary judgment context." Plaintiffs' Memo. in Opp. at

---

[3] Even the Motion for Leave to Identify Additional Expert Witness itself expressly referred to an additional expert
*on the issue of damages*: "Plaintiffs . . . hereby move for leave to identify an additional expert witness regarding its
claims for the damages."
[4] It is telling that plaintiffs do not specifically discuss or dispute a single case cited by the Ford Defendants in
support of the Motion to Strike. Instead of engaging the law, or explaining why it should not bar them from
submitting the Bean Damages Report, they ignore it entirely.

2. Plaintiffs conveniently fail to note, however, that the cases they cite deal expressly with motions to strike made pursuant to Rule 12(f) only (*i.e.,* motions to strike *pleadings*).

Plaintiffs further fail to emphasize that even these cases expressly allow a Court to wholly disregard an affidavit that is deemed improper.  For example, in *Bovee v. Coopers & Lybrand,* 216 F.R.D. 596, 599 (S.D.Ohio 2003), cited by plaintiffs on page 2 of their Memo, in Opp., the court concluded that ". . . a district court may exclude from consideration an affidavit that it deems improper."  Should this Court feel so inclined, the Ford Defendants will be satisfied with a ruling that the baseless and overbroad Bean Damages Report will be wholly excluded from any consideration, rather than stricken.[5]  Finally, plaintiffs fail to explain how these cases apply in any event, since the Ford Defendants have moved to strike an unfounded expert *report*, not an affidavit attached to an initial pleading.

For all of the reasons set forth above, as well as those set forth in support of the Motion to Strike, the Bean Damages Report should be stricken.

Dated:   December __, 2003

Respectfully submitted,

Elizabeth A. McNellie (0046534)
BAKER & HOSTETLER LLP
65 East State Street, Suite 2100
Columbus, OH  43215-4260
Telephone: (614) 228-1541
Facsimile: (614) 462-2616

Attorneys for Defendants Ford Motor
Company, Jerry Carter, and A. W. Walls

---

[5] Plaintiffs appear to be amenable to this result as well:  "The Court may exclude consideration of affidavits it deems improper, or disregard what it deems inadmissible evidence as would be customary in evaluating a summary judgment motion, but the evidence should not be stricken from the record."  Plaintiffs' Memo. in Opp. at 2.

OF COUNSEL:

George W. Hairston (0030507)
Brian T. Johnson (0065417)
John J. Frost (0077003)
Baker & Hostetler LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215

## CERTIFICATE OF SERVICE

A copy of the foregoing Ford Defendants' Reply in Support of Motion to Strike

Supplemental Damages Report of Roger M. Bean was sent electronically and by United States

mail, postage prepaid, to Alan J. Statman, Esq., and Gregory J. Berberich, Esq., STATMAN,

HARRIS, SIEGEL & EYRICH, LLC, 2900 Chemed Center, 255 East Fifth Street, Cincinnati,

Ohio 45202, for plaintiffs, and Steven D. Hengehold, Esq., and James J. Englert, Esq.,

RENDIGS, FRY, KIELY & DENNIS, LLP, 900 Fourth & Vine Tower, Five West Fourth Street,

Cincinnati, Ohio 45202, for defendants Robert C. Reichert and Kenwood Dealer Group, Inc., this

10TH day of December, 2003.

Elizabeth A. McNellie