IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| EASTSIDE LINCOLN MERCURY, INC., et al., | : : : | Case No. C-1-01-567 |
| Plaintiffs, | : : | (Judge Bertlesman) |
| vs. | : : : | **PRETRIAL MEMORANDUM OF DEFENDANTS' KENWOOD DEALER GROUP AND ROBERT C. REICHERT** |
| FORD MOTOR COMPANY, et al., | : : | |
| Defendants. | : | |

Come now Defendants, Kenwood Dealer Group, Inc. (hereinafter "KDG") and Robert C. Reichert (hereinafter "Reichert") and for their Pretrial Statement in the above-captioned matter, state as follows.

I.  JURISDICTION OF THE COURT:

Plaintiffs' Complaint was originally filed in Hamilton County Court of Common Pleas. Co-Defendant Ford Motor Company filed a Notice of Removal pursuant to 28 U.S.C. 331 as several of the claims against Ford Motor Company were based on 15 U.S.C. 1221 *et seq*. The Parties agreed to the Notice of Removal. This Court's jurisdiction over the claims against Defendants Kenwood Dealer Group and Robert C. Reichert were asserted pursuant to the supplemental jurisdiction as provided in 28 U.S.C. 1367(A). There is no dispute over jurisdiction.

II.  KIND OF ACTION:

Plaintiffs' claims originally asserted against Defendants KDG and Reichert included allegations that KDG and Reichert tortiously interfered with Plaintiffs' business and contractual

rights with Co-Defendant Ford Motor Company, competed unfairly with Plaintiffs' business, conspired with Co-Defendants to the detriment of Plaintiffs and fraudulently misrepresented or failed to disclose to the Plaintiffs material facts concerning the dealings of Ford Motor Company with Plaintiffs. Summary judgment was granted in favor of Defendants on all of Plaintiffs' claims except the claim of civil conspiracy. In particular, Plaintiffs allege that Defendants have acted collectively in a malicious combination, caused injury to the Plaintiffs arising out of unlawful acts.

III.     STATEMENT OF FACTS:

Plaintiff, Eastside Lincoln Mercury ("ELM"), is a Lincoln Mercury dealership in which Plaintiff William Woeste is the majority owner, president and dealer principal. The Lincoln Mercury dealership has been owned by Plaintiff Woeste since 1986. Defendant Robert Reichert is the dealer principal of three Lincoln Mercury dealerships in Cincinnati and president of the Kenwood Dealer Group, the owner of the dealerships. Defendant Ford entered into sales and service agreements for Lincoln and Mercury products with Plaintiff Eastside. Defendants Jerry Carter and Al Walls are employees of Ford.

Plaintiffs allege and Defendants dispute that ELM has been the victim of a plan by which Defendants used new vehicle allocation, warranty audits, disproportional payments of marketing expense reimbursement, the refusal to permit Plaintiffs to combine several manufacturers' dealerships on one location ("dualing"), and the delay in qualifying ELM as a Lincoln Premiere Experience Dealer, the sum of which was an attempt by Defendants to drive down the value of ELM and convince Plaintiff Woeste to sell ELM to Reichert at an artificially low price.

The Defendants will prove that there was no agreement between Ford Defendants and KDG or Reichert to conspire to reduce the value of ELM and to then be purchased by Reichert. Further,

Ford Defendants will testify that all of the actions taken by Ford in connection with ELM were done consistently with Ford's franchise and service agreements with ELM.

It is disputed between Plaintiffs and Defendants that any of the conduct complained of by Plaintiffs has resulted in any devaluation of the Plaintiffs' business or lost profits to the owners of ELM.

It is undisputed that neither Kenwood Dealer Group nor Reichert were in any way involved in Ford Motor Company's decisions to audit Eastside Lincoln Mercury, influenced how new products were distributed to ELM, influenced Ford Motor Company in its decisions to pay or not pay marketing expense to ELM, influenced Ford Motor Company's decision to deny the dualing of dealerships with ELM or ELM's participation in the LPE program. It is further undisputed that there were no offers of sale of Mr. Woeste's dealership to Mr. Reichert or any offers to purchase the dealership by Mr. Reichert extended to Mr. Woeste.

IV.    ISSUES OF LAW (SUBSTANTIVE):

The sole cause of action remaining against Defendants Reichert and Kenwood Dealer Group is that of civil conspiracy. It is the position of Defendants that Plaintiffs must identify the alleged underlying unlawful act which they allege these Defendants conspired to commit. The only underlying unlawful act alleged by Plaintiffs which could fulfill this requirement is the alleged fraud on the part of the Ford Defendants. The fraud claim against KDG and Reichert has been dismissed. The liability that arises out of the tort of a civil conspiracy is the result of attributing the acts of the co-conspirators to each other. *Williams v. Aetna Finance Company* (1998), 83 Ohio St.2d 464, 700 N.E.2d 859. However, one of the co-conspirators must engage in an unlawful act independent from

the conspiracy. If the alleged unlawful act is not identified, then the sufficiency of the evidence to prove the unlawful act or its existence cannot be defended.

V.	ISSUES OF LAW (PROCEDURAL):

Defendants Reichert and KDG do not presently anticipate any issue of procedural law.

VI:	ISSUES OF LAW (EVIDENTIARY):

Defendants Reichert and KDG anticipate that Plaintiffs will call for the testimony of Roger Bean, a CPA identified as an expert by Plaintiffs on issues beyond Mr. Bean's expertise, and based upon evidence expressly barred by this Court. In particular, this Court denied the Plaintiffs' attempt to add Mr. Glenn Watkins as an additional expert on the issue of vehicle allocation. Subsequent to that denial, Mr. Watkins' opinions and the data supporting the same were incorporated into Mr. Bean's damage report and to which he ultimately testified in his discovery deposition. As this Court is well aware, an expert may not testify beyond the scope of the expertise he is alleged to possess. *Bouchard v. American Home Prod.*, 213 F.Supp. 802, 809 (N.D. Ohio 2002).

The causal relationship between the alleged conduct of Defendants and the damages as calculated by Mr. Bean would require the testimony of an expert in areas outside of Mr. Bean's expertise.

Additionally, Mr. Bean testified that his opinions were based extensively on information obtained from Mr. Watkins. Assuming, *arguendo*, that Mr. Bean qualifies as an expert to render the opinions, the facts upon which these opinions are based are conclusory with no reasonable degree of certainty. An expert must be able to opine based upon a reasonable degree of certainty. *Kalamazoo River Study Group v. Rockwell International Corp.* 171 Fed.3d 1065, 1072 (6th Cir. 1999).

VII.  INSTRUCTIONS AND SPECIAL VERDICT:

Defendants Kenwood Dealer Group and Reichert have attached hereto the proposed jury instructions for Plaintiffs' claim of civil conspiracy and the corresponding interrogatories.

        Respectfully submitted,

        s/ *Steven D. Hengehold*
        Steven D. Hengehold    (0030134)
        Attorney for Defendants, Kenwood Dealer Group,
        Inc. and Robert C. Reichert
        RENDIGS, FRY, KIELY & DENNIS, LLP
        900 Fourth & Vine Tower
        One West Fourth Street
        Cincinnati, Ohio 45202
        (513) 381-9200
        (513) 381-9206 – Facsimile
        E-Mail:  shengehold@rendigs.com

## CERTIFICATE OF SERVICE

      I hereby certify that on November 1, 2004, I electronically filed the foregoing with the Clerk fo the Court using CM/ECF system which will send notification of such filing to the following: Lawrence A. Flemer, Esq. and Gregory J. Berberich, Esq., Attorneys for Plaintiffs, and Elizabeth A. McNellie, Esq., Attorney for Defendants Ford Motor Company, Jerry Carter and A.W. Walls.

                                                               s/ *Steven D. Hengehold*
                                                                Steven D. Hengehold   (0030134)

## KENWOOD DEALER GROUP'S PROPOSED JURY INSTRUCTION

### Eastside Lincoln Mercury's Civil Conspiracy Claim against Ford, Mr. Carter, Mr. Walls, Mr. Reichert and Kenwood

Eastside Lincoln Mercury claims that Ford, Mr. Carter, Mr. Walls, Mr. Reichert and Kenwood participated in a conspiracy to commit a fraud on Eastside Lincoln Mercury. To recover on its civil conspiracy claim, Eastside Lincoln Mercury must prove each of the following elements by a preponderance of the evidence:

(1) There was a malicious combination;

(2) Between two or more of the defendants;

(3) To injure Eastside Lincoln Mercury; and

(4) The existence of an unlawful act independent from the conspiracy.

If you decide that Eastside Lincoln Mercury has proven by a preponderance of the evidence all of the elements of conspiracy, then you have found that there was a conspiracy to commit fraud on Eastside Lincoln Mercury. However, if you find that Eastside Lincoln Mercury failed to prove by a preponderance of the evidence any one or more of the elements of conspiracy or if you are unable to determine what happened, your verdict must be for Ford, Mr. Carter, Mr. Walls, Mr. Reichert and Kenwood.

*Williams v. Aetna Finance Co.*, 83 Ohio St. 3d 464, 475 (Ohio 1998); *Aetna Casualty & Sur. Co. v. Leahey Construction Co.*, 219 F. 3d 519, 534 (6th Cir. 2000); *Nilavar v. Mercy Health Systems*, 142 F. Supp. 2d 859, 888 (S.D. Ohio 2000).

## KENWOOD DEALER GROUP'S PROPOSED JURY INSTRUCTION

### Parties that Cannot Conspire

An employee, officer or agent of a corporation acting in the course and scope of his or her employment cannot enter into a conspiracy with the corporation. Thus, you cannot find that Ford conspired with Mr. Carter or Mr. Walls, or that Mr. Reichart conspired with Kenwood.

*Nurse Midwifery Assoc. v. Hibbett*, 918 F.2d 605, 612 (6th Cir. 1990); *Nilavar v. Mercy Health Systems*, 142 F. Supp. 2d 859, 888 (S.D. Ohio 2000); *Scanlon v. Gordon F. Stofer & Bro. Co.* 1989 Ohio App. LEXIS 2528, *44 (Cuyahoga Cty. 1989).

## **KENWOOD DEALER GROUP'S PROPOSED JURY INSTRUCTION**

### **Definition of Malicious Combination**

To prove that there was a "malicious combination," Eastside Lincoln Mercury must prove by a preponderance of the evidence that two or more of the defendants—Ford, Mr. Carter, Mr. Walls, Mr. Reichert or Kenwood—agreed to commit a fraud on Eastside Lincoln Mercury.

*Aetna Casualty & Sur. Co. v. Leahey Construction Co.*, 219 F. 3d 519, 534 (6th Cir. 2000); *De Boer Structures (U.S.A.), Inc. v. Shaffer Tent and Awning Co.*, 233 F. Supp. 2d 934, 945 (S.D. Ohio 2002).

## **KENWOOD DEALER GROUP'S PROPOSED JURY INSTRUCTION**

### Definition of Underlying Unlawful Act

To prove that Ford, Mr. Carter, Mr. Walls, Mr. Reichert and/or Kenwood engaged in a conspiracy, Eastside Lincoln Mercury must first prove the existence of an underlying unlawful act that forms the basis of the conspiracy. In other words, Eastside Lincoln Mercury must prove that the defendants conspired to do something unlawful.

Eastside Lincoln Mercury claims that Ford, Mr. Carter, Mr. Walls, Mr. Reichert and Kenwood conspired to commit a fraud on Eastside Lincoln Mercury. If you find in favor of Eastside Lincoln Mercury on its fraud claim against Ford, Mr. Carter and Mr. Walls, then the underlying unlawful act element of Eastside Lincoln Mercury's conspiracy claims is satisfied. However, if you find against Eastside Lincoln Mercury on its fraud claim against Ford, Mr. Carter and Mr. Walls, then you must find that there was no conspiracy.

*De Boer Structures (U.S.A.), Inc. v. Shaffer Tent and Awning Co.*, 233 F. Supp. 2d 934, 945 (S.D. Ohio 2002); *Nilavar v. Mercy Health Systems*, 142 F. Supp. 2d 859, 888 (S.D. Ohio 2000).

**KENWOOD DEALER GROUP'S PROPOSED JURY INTERROGATORIES
FOR CIVIL CONSPIRACY**

**Jury Interrogatory No. \_\_\_**

Do you find by a preponderance of the evidence that Defendant Kenwood Dealer Group maliciously conspired to commit a fraud against Eastside Lincoln Mercury which proximately resulted in damage to Eastside Lincoln Mercury?

_____ Yes        _____ No

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

If your answer to this Interrogatory is "yes," go to Interrogatory No. \_\_\_. If your answer to this Interrogatory is "no," you are done answering these Interrogatories.

**ROBERT C. REICHERT'S PROPOSED JURY INTERROGATORIES
FOR CIVIL CONSPIRACY**

**Jury Interrogatory No. \_\_\_**

Do you find by a preponderance of the evidence that Defendant Robert C. Reichert maliciously conspired to commit a fraud against Eastside Lincoln Mercury which proximately resulted in damage to Eastside Lincoln Mercury?

_____ Yes            _____ No

_____            _____

_____            _____

_____            _____

_____            _____

_____            _____

If your answer to this Interrogatory is "yes," go to Interrogatory No. \_\_\_. If your answer to this Interrogatory is "no," you are done answering these Interrogatories.