# **FORD DEFENDANTS' PROPOSED JURY INSTRUCTION**

## Elements of Breach of Contract

Eastside Lincoln Mercury and Ford entered into two Sales and Service Agreements under which Eastside Lincoln Mercury would market, sell, and service automobiles manufactured by Ford. Eastside Lincoln Mercury claims that Ford breached the Sales and Service Agreements by violating the disclosure requirements of paragraph 9(b) of those agreements.

To recover on its breach of contract claim against Ford, Eastside Lincoln Mercury must prove each of the following elements by a preponderance of the evidence:

(1) Ford breached the Sales and Service Agreements; and

(2) Eastside Lincoln Mercury suffered damages as a result of Ford's breach of the Sales and Service Agreements.

If you find that Eastside Lincoln Mercury proved by a preponderance of the evidence all of the elements of breach of contract, your verdict must be for Eastside Lincoln Mercury and you will then consider damages. However, if you find that Eastside Lincoln Mercury failed to prove by a preponderance of the evidence any one or more of the elements of breach of contract or if you are unable to determine what happened, your verdict must be for Ford.

2 Ohio Jury Instructions §253.01 (2003); *Anchor v. O'Toole*, 94 F.3d 1014, 1020 (6th Cir. 1996).

## FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

### Definition of Breach

A contract is breached when one party fails or refuses to perform its duties under the contract.

2 Ohio Jury Instructions §253.01 (2003).

## FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

### Damages for Breach of Contract

If you find by a preponderance of the evidence that Ford breached the Sales and Service Agreements, then Eastside Lincoln Mercury is entitled to damages in an amount sufficient to place it in the same position in which it would have been if the Sales and Service Agreements had been fully performed by Ford to the extent that such damages are reasonably foreseeable.

You may only award damages whose existence and amount have been proved to you by Eastside Lincoln Mercury with reasonable certainty and by a preponderance of the evidence. You may not award damages that are remote or speculative.

You may only award those damages that were the natural and probable result of the breach of the Sales and Service Agreements or that were reasonably within the contemplation of the parties as the probable result of a breach of the Sales and Service Agreements. This does not require that Ford actually be aware of the damages that will result from the breach of the Sales and Service Agreements so long as the damages were reasonably foreseeable at the time the parties entered into the Sales and Service Agreements.

2 Ohio Jury Instructions §253.29 (2003).

## FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

**Eastside Lincoln Mercury's Automobile Dealer's Day in Court Act Claim against Ford**

*The Automobile Dealer's Day in Court Act prohibits an automobile manufacturer from failing to act in good faith when performing or complying with the terms of a Sales and Service Agreement. Eastside Lincoln Mercury claims that Ford violated the Automobile Dealer's Day in Court Act by attempting to coerce or intimidate Eastside Lincoln Mercury into selling its dealership.*

15 U.S.C. §§1221, 1222.

# FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

## Definition of Good Faith

*Good faith under the Automobile Dealer's Day in Court Act means the duty of each party to a Sales and Service Agreement to act in a fair and equitable manner so as to guarantee that the other party is free from coercion, intimidation, or threats of coercion or intimidation.*

*To prove that an automobile manufacturer failed to act in good faith, an automobile dealer must show that the manufacturer engaged in coercion or intimidation designed to obtain some benefit under the Sales and Service Agreement that the manufacturer did not have a right to. It is not enough that the manufacturer's conduct is unfair, there must be coercion or intimidation*

*Coercion and intimidation must include a wrongful demand which will result in sanctions if not complied with. In other words, coercion and intimidation require an ultimatum. It is not coercion or intimidation for a manufacturer to enforce its contractual rights under a Sales and Service Agreement, including a demand that the dealer comply with its contractual obligations under a Sales and Service Agreement.*

15 U.S.C. §1221(e); *Fray Chevrolet Sales, Inc. v. General Motors Corp.*, 536 F.2d 683, 685 (6th Cir. 1976); *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 93 (3rd Cir. 2000); *Bob Tatone Ford, Inc. v. Ford Motor Co.*, 140 F. Supp 2d 817, 826 (S.D. Ohio 2000) citing *American Motors Sales Corp. v. Runke*, 708 F. 2d 202, 207 (6th Cir. 1983); *Clifford Jacobs Motors, Inc. v. Chrysler Corp.*, 357 F. Supp. 564, 574, n.2 (S.D. Ohio 1973).

## FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

### Elements of an Automobile Dealer's Day in Court Act Claim

*To recover on its Automobile Dealer's Day in Court Act Claim against Ford, Eastside Lincoln Mercury must prove each of the following elements by a preponderance of the evidence:*

*(1)   Ford failed to act in good faith under its Sales and Service Agreements with Eastside Lincoln Mercury;*

*(2)   Ford's conduct amounted to coercion or intimidation, or threats of coercion or intimidation toward Eastside Lincoln Mercury; and*

*(3)   Eastside Lincoln Mercury suffered damages as a result of Ford's conduct.*

*If you find that Eastside Lincoln Mercury has proved by a preponderance of the evidence all of the elements of a violation of the Automobile Dealer's Day in Court Act, your verdict must be for Eastside Lincoln Mercury and you will then consider damages. However, if you find that Eastside Lincoln Mercury failed to prove by a preponderance of the evidence any one or more of the elements of a violation of the Automobile Dealer's Day in Court Act or if you are unable to determine what happened, your verdict must be for Ford.*

15 U.S.C. §§1221, 1222; 5-5 Modern Federal Jury Instructions-Civil, p. 13; *Fray Chevrolet Sales, Inc. v. General Motors Corp.*, 536 F.2d 683, 685 (6th Cir. 1976); *Bob Tatone Ford, Inc. v. Ford Motor Co.*, 140 F. Supp 2d 817, 826 (S.D. Ohio 2000) citing *American Motors Sales Corp. v. Runke*, 708 F. 2d 202, 207 (6th Cir. 1983); *Clifford Jacobs Motors, Inc. v. Chrysler Corp.*, 357 F. Supp. 564, 574, n.2 (S.D. Ohio 1973).

## **FORD DEFENDANTS' PROPOSED JURY INSTRUCTION**

### Damages for a Violation of the Automobile Dealer's Day in Court Act

*If you decide that Eastside Lincoln Mercury proved by a preponderance of the evidence all of the elements of a violation of the Automobile Dealer's Day in Court Act, then you must decide what amount of money will reasonably compensate Eastside Lincoln Mercury for the actual damages proximately and directly caused by the violation.*

*Cecil Corley Motor Co. v. General Motors Corp.*, 380 F. Supp. 819, 853 (M.D. Tenn. 1974).

# FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

## Eastside Lincoln Mercury's Ohio Motor Vehicle Dealer Act Claim against Ford

*The Ohio Motor Vehicle Dealer Act controls certain parts of the relationship between automobile manufacturers and automobile dealers, and prohibits manufacturers from taking certain actions toward dealers. Eastside Lincoln Mercury claims that Ford violated the Ohio Motor Vehicle Dealer Act by:*

*1. Failing to act in good faith under the terms, provisions, or conditions of the Sales and Service Agreements between Ford and Eastside Lincoln Mercury;*

*2. Discriminating against Eastside Lincoln Mercury;*

*3. Discriminating against Eastside Lincoln Mercury in the allocation or withholding from delivery of scarce vehicles ordered by Eastside Lincoln Mercury, outside the ordinary course of business of Ford's business; and*

*4. Withholding or delaying delivery of motor vehicles outside the ordinary course of Ford's business.*

R.C. §4517.59(A), (F), (M).

## **FORD DEFENDANTS' PROPOSED JURY INSTRUCTION**

### Definition of Good Faith

*Good faith under the Ohio Motor Vehicle Dealer Act is the duty of each party to a Sales and Service Agreement to act honestly and in a fair and equitable manner so as to guarantee that the other party is free from coercion, intimidation or threats of coercion or intimidation from the other party.*

*To prove that an automobile manufacturer failed to act in good faith, an automobile dealer must show that the manufacturer acted in a manner that was commercially unjustified. A manufacturer does not fail to act in good faith if it recommends, endorses, attempts to persuade, urges, or argues that a dealer take a certain action.*

*Coercion means to compel or attempt to compel another by failing to act in good faith or by threat of economic harm, breach of contract, or other adverse economic harm. It is not coercion for a manufacturer to argue, urge, recommend or attempt to persuade a dealer to take a certain action. It is also not coercion for an manufacturer to enforce its contractual rights under a Sales and Service Agreement, including a demand that the dealer comply with its contractual obligations under a Sales and Service Agreement.*

R.C. §4517.01(BB), (CC); *Jim White Agency Co. v. Nissan Motor Corp.*, 126 F.3d 832, 834 (6th Cir. 1997); *Bill Call Ford, Inc. v. Ford Motor Co.*, 48 F.3d 201, 207 (6th Cir. 1995).

## FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

### Definition of Commercially Unjustified

*A manufacturer's conduct is commercially unjustified under the Ohio Motor Vehicle Dealer Act if there was no legitimate business purpose for the conduct of the manufacturer.*

## FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

### Definition of Discrimination

*Under the Ohio Motor Vehicle Dealer Act, discrimination occurs when an automobile manufacturer fails to apply consistent business criteria to decide the same issues under the same provisions of the Sales and Service Agreement presented by two or more similarly situated automobile dealerships. Discrimination does not occur solely because a manufacturer grants one dealership's request, but not the same request of another. The manufacturer is entitled to exercise business judgment when applying its business criteria. You may not find that the manufacturer engaged in discrimination merely because you disagree with the manner in which the manufacturer exercised its business judgment or because you disagree with the result of that business judgment.*

*Halleen Chevrolet, Inc. v. General Motors Corp.*, 2001 Ohio App. LEXIS 2862, *26-28 (Franklin Cty. 2001).

## FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

### Definition of Ordinary Course of Business

*Under the Ohio Motor Vehicle Dealer Act, ordinary course of business means a business transaction that occurs according to the common customs in the business world generally and in the particular business community where the transaction took place.*

BLACK'S LAW DICTIONARY 1098 (6th ed. 1990)

## FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

### Elements of an Ohio Motor Vehicle Dealer Act Claim

*To recover on its Ohio Motor Vehicle Dealer Act Claim against Ford, Eastside Lincoln Mercury must prove each of the following elements by a preponderance of the evidence:*

*(1) Ford did one of the following:*

*(a) Failed to act in good faith under its Sales and Service Agreements with Eastside Lincoln Mercury by acting in a manner that was commercially unjustifiable,* **or**

*(b) Discriminated against Eastside Lincoln Mercury by failing to apply consistent business criteria to decide issues under Eastside Lincoln Mercury's Sales and Service Agreements;* **or**

*(c) Discriminated against Eastside Lincoln Mercury by failing to allocate or by withholding the delivery of scarce vehicles ordered by Eastside Lincoln Mercury outside the ordinary course of Ford's business; or*

*(d) Withheld or delayed the delivering motor vehicles to Eastside Lincoln Mercury outside the ordinary scope of Ford's business;* **and**

*(2) Eastside Lincoln Mercury suffered damages as a result of Ford's conduct.*

*If you find that Eastside Lincoln Mercury proved by a preponderance of the evidence all of the elements of a violation of the Ohio Motor Vehicle Dealer Act, your verdict must be for Eastside Lincoln Mercury and you will then consider damages. However, if you find that Eastside Lincoln Mercury failed to prove by a preponderance of the evidence any one or more of the elements of a violation of the Ohio Motor Vehicle Dealer Act or if you are unable to determine what happened, your verdict must be for Ford.*

R.C. §§4517.59(A), (F), (M); 4517.01(BB), (CC); *Jim White Agency Co. v. Nissan Motor Corp.*, 126 F.3d 832, 834 (6th Cir. 1997); *Bill Call Ford, Inc. v. Ford Motor Co.*, 48 F.3d 201, 207 (6th Cir. 1995); *Halleen Chevrolet, Inc. v. General Motors Corp.*, 2001 Ohio App. LEXIS 2862, *26-28 (Franklin Cty. 2001); *Earl Evans Chevrolet, Inc. v. General Motors Corp.*, 74 Ohio App. 3d 266, 276-277 (Lake Cty. 1991).

## **FORD DEFENDANTS' PROPOSED JURY INSTRUCTION**

### Damages for a Violation of the Ohio Motor Vehicle Dealer Act

*If you decide that Eastside Lincoln Mercury proved by a preponderance of the evidence all of the elements a violation of the Ohio Motor Vehicle Dealer Act, then you must decide what amount of money will reasonably compensate Eastside Lincoln Mercury for the actual damages proximately and directly caused by the violation. If you find that Ford violated the Ohio Motor Vehicle Dealer Act, the Court will double the amount of actual damages that you find Ford is liable to Eastside Lincoln Mercury. Furthermore, the Court will order Ford to pay the reasonable attorneys' fees and costs spent by Eastside Lincoln Mercury pursuing its Ohio Motor Vehicle Dealer Act Claim against Ford.*

R.C. §4517.63(A).

## FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

### Eastside Lincoln Mercury's Fraud Claim Against Ford, Mr. Carter and Mr. Walls

Eastside Lincoln Mercury claims that Ford, through its officers and employees, Mr. Carter and Mr. Walls committed certain fraudulent acts upon with Eastside Lincoln Mercury, through its officers and employees, relied to its damage. Fraud is a civil wrong. It is a deception practiced with a view toward gaining an unlawful or unfair advantage. Fraud is a false representation of fact, whether by words, conduct or concealment, which misleads and is intended to mislead another so that he relies on it to his injury.

Eastside Lincoln Mercury claims that Ford, Mr. Carter and Mr. Walls engaged in two types of fraudulent acts against Eastside Lincoln Mercury. Eastside Lincoln Mercury claims that Ford, Mr. Carter and Mr. Walls made certain false representations to Eastside Lincoln Mercury, knowing that those representations were false. Specifically, Eastside Lincoln Mercury claims that Ford made the following false representations:

(1) That they did not intend to eliminate Mr. Woeste as dealer principal of Eastside Lincoln Mercury or to eliminate the Eastside Lincoln Mercury dealer point;

(2) That, if they did purchase Eastside Lincoln Mercury, they intended to do so in a *bona fide* manner and for fair market value;

(3) That the warranty audit process was designed to address fraud in Eastside Lincoln Mercury's warranty repair process;

(4) That Eastside Lincoln Mercury needed a Ford consultant, at a rate of $30,000 per eight weeks, disqualification from dealer awards programs, a business counseling meeting with Walls and Carter, personal signature of Mr. Woeste on all warranty claims, and removal or suspension of dealer franchise opportunities to correct a $6,000 warranty audit problem;