(5) That Eastside Lincoln Mercury was receiving the same pricing, vehicle allocations, market support, dealership opportunities and customer financing as Reichert/Kenwood;

(6) That Eastside Lincoln Mercury was denied LPE certification and rebates because of an aesthetics issue involving the natural stone façade of its dealership building and that all established written requirements must be met in order to obtain LPE status;

(7) That Mr. Woeste was not allowed to dual Eastside Lincoln Mercury with any other Woeste owned dealership because Ford demanded that Lincoln and Mercury maintain separate identity from other dealer franchise operations with full facilities;

(8) That Eastside Lincoln Mercury was worth between $200,000 and $300,000 dollars, and

(9) The Reichert/Kenwood acted on its own behalf in negotiations with Mr. Woeste and Eastside Lincoln Mercury and not on behalf of Ford.

Additionally, Eastside Lincoln Mercury claims that Ford, Mr. Carter and Mr. Walls failed to disclose certain facts to Eastside Lincoln Mercury, even though Ford, Mr. Carter and Mr. Walls had a duty to disclose those facts to Eastside Lincoln Mercury. Specifically, Eastside Lincoln Mercury claims that Ford concealed the following facts:

(1) That they intended to eliminate Mr. Woeste as dealer principal of Eastside Lincoln Mercury and eliminate the Eastside Lincoln Mercury dealer point;

(2) That Reichert/Kenwood dealerships, even those recently purchased dealerships who may have been on warranty audit action plans, were not subject to warranty repair audits;

(3) That they took actions designed to reduce the market value of Eastside Lincoln Mercury so that the Defendants could purchase the dealership for an amount below its fair market value;

(4) That the warranty audit process was designed to reduce the market value of Eastside Lincoln Mercury or force the dealer principal to sell rather than address fraud in Eastside Lincoln Mercury's warranty repair process;

(5) That Eastside Lincoln Mercury did not need a Ford consultant, at a rate of $30,000 per eight weeks, disqualification from dealer awards programs, a business counseling meeting with Walls and Carte, personal signature of Mr. Woeste on all warranty claims, and removal or suspension of dealer franchise opportunities to correct a $6,000 warranty audit problem;

(6) That ELM was not receiving the same pricing, vehicle allocations, market support, dealership opportunities and customer financing as Reichert/Kenwood;

(7) That Eastside Lincoln Mercury was denied LPE certification and rebates because of the Defendants attempts to remove its dealer principal in favor of Reichert/Kenwood and that Reichert/Kenwood was entitled to receive LPE status for all of its purchases when two of its three dealerships did not meet established written requirements to obtain LPE status;

(8) That the discussions with Mr. Woeste regarding assumption of the Florence Lincoln Mercury operation on favorable terms or as a dealer development opportunity were not made in good faith and were an inducement to sell Eastside Lincoln Mercury;

(9) That Mr. Woeste was not allowed to dual Eastside Lincoln Mercury with any other Woeste owned dealership because the Defendants intended to take actions designed to

make Eastside Lincoln Mercury unprofitable and reduce the value of Eastside Lincoln Mercury so that the Defendants could purchase the dealership for an amount below its fair market value;

(10) That Eastside Lincoln Mercury was worth more than $200,000 to $300,000 dollars; and

(11) That Reichert/Kenwood were acting on behalf of Ford in negotiations with Mr. Woeste and Eastside Lincoln Mercury.

---

3 Ohio Jury Instruction §307.02(2003).

## **FORD DEFENDANTS' PROPOSED JURY INSTRUCTION**

### Elements of Fraud

To prove that Ford, Mr. Carter and Mr. Walls engaged in fraud, Eastside Lincoln Mercury must prove by a preponderance of the evidence each of the following elements:

(1) Ford, Mr. Carter and Mr. Walls made a false representation of fact with knowledge of its falsity or with utter disregard and recklessness about its falsity that knowledge may be concluded, **or** Ford, Mr. Carter and Mr. Walls knowingly concealed a fact when they had a duty to disclose that fact;

(2) The representation **or** concealment was material to the transaction;

(3) The representation **or** concealment was made with the intent of misleading Eastside Lincoln Mercury into relying upon it;

(4) Eastside Lincoln Mercury was justified in relying on the representation **or** concealment, and did, in fact, rely on the representation **or** concealment; and

(5) Eastside Lincoln Mercury was injured and the injury was proximately caused by its reliance on the representation **or** concealment.

If you find that Eastside Lincoln Mercury has proved by a preponderance of the evidence all of the elements of fraud, your verdict must be for Eastside Lincoln Mercury and you will then consider damages. However, if you find that Eastside Lincoln Mercury failed to prove by a preponderance of the evidence any one or more of the elements of fraud or if you are unable to determine what happened, your verdict must be for Ford, Mr. Carter and Mr. Walls.

3 Ohio Jury Instructions §§307.03, 307.17 (2003); Federal Jury Practice and Instructions §123.02 (5th ed. 2000); *Cohen v. Lamko, Inc.*, 10 Ohio St. 3d 167, 169 (Ohio 1984).

## **FORD DEFENDANTS' PROPOSED JURY INSTRUCTION**

### **Fraud not Presumed**

*Fraud is never presumed, but must always be proved by a preponderance of the evidence.*

*You should assume that persons are fair and honest in their dealings until the contrary appears from the evidence.*

*If a transaction that is called into question is equally capable of two interpretations, one honest and the other fraudulent, it should be found to be honest.*

Federal Jury Practice and Instructions §123.10 (5th ed. 2000)

## FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

### Representations that are not Fraud

Generally, fraud must be based on a false representation of a present or past fact. The exception to this rule is when the promise to perform a future act is made with the present intent by the defendants not to perform. For example, if a purchaser has no expectation of being able to pay for goods or services, it is the same as an intention not to pay. The burden to prove such an intention is on the one claiming fraud.

Expressions of personal opinions, even though false, are not a basis for fraud.

Everyone is presumed to know the law and representations as to the law are mere opinions and not fraud.

---

3 Ohio Jury Instructions §307.05 (2003).

## FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

### Definition of False Representation

A representation is false when it is not substantially true. The truth or falsity of a representation depends on the natural and obvious meanings of the words taking into consideration all the surrounding circumstances.

---

3 Ohio Jury Instructions §307.03 (2003).

# FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

## Definition of Knowledge or Recklessness

A person knows a representation is false when he or she is aware that it is not substantially true.

A representation is made with utter disregard and recklessness when the person who makes the representation is completely careless or indifferent to the consequences or the risk that the representation will cause the person to whom it is made to do or not do certain things. If a person has no knowledge of a fact, but asserted it as true when it was false, you may find that he or she made the representation with utter disregard and recklessness. A representation recklessly made without knowledge of the truth is the same as a false representation knowingly made.

3 Ohio Jury Instructions §307.03 (2003); Federal Jury Practice and Instructions §123.20 (5th ed. 2000)

## FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

### Definition of Duty to Speak

*A party has a duty to speak and disclose facts to another only when the parties have a relationship of special trust and confidence. A relationship of special trust and confidence is created only when both parties understand and accept that one party is placing special trust and confidence in the other party.*

*However, when two parties enter into a business transaction, including a Sales and Service Agreement, no relationship of special trust and confidence is created by that relationship and neither party has a duty to speak or disclose facts to the other.*

*Blon v. Bank One, Akron, N.A.*, 35 Ohio St. 3d 98, 101 (Ohio 1988); *Landskroner v. Landskroner*, 154 Ohio App. 3d 471, 486 (Cuyahoga Cty. 2003); *Federated Mgmt. v. Coopers & Lybrand*, 137 Ohio App. 3d 366, 384 (Franklin Cty. 2000); *OKI Distributing, Inc. v. Amana Refrigeration, Inc.*, 850 F.Supp 637, 647 (S.D. Ohio 1994).

## FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

### Definition of Material

To be fraud, the alleged false representation or concealment must be material; that is, it must be important, necessary or having influence on the transaction. It must be so substantial and important that it influenced the person to whom it was made.

3 Ohio Jury Instructions §307.03 (2003).

# FORD DEFENDANTS' PROPOSED JURY INSTRUCTION NO.

## Intent to Mislead

A person intends to mislead another to rely on a representation or concealment when it is his or her purpose to mislead. A person's intent is known only to himself or herself unless he or she expresses it to others or indicates it by his or her conduct. Intent is determined from the way in which the representation or concealment is made, the means used and all the facts and circumstances in evidence.

3 Ohio Jury Instructions §307.03 (2003).

## **FORD DEFENDANTS' PROPOSED JURY INSTRUCTION**

### **Definition of Justifiable Reliance**

A person relies on a representation or concealment if the representation or concealment causes the person to act or refrain from acting.

There is a justifiable reliance on a representation or concealment when a person of ordinary care would rely on it under the same or similar circumstances.

---

3 Ohio Jury Instructions §307.03 (2003).

# FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

## Resulting Damages

Eastside Lincoln Mercury must be directly damaged by the reliance on the alleged false representation or concealment. This means that the damage was caused by the alleged false representation or concealment in a natural and continuous sequence and without which the damage would not have occurred.

3 Ohio Jury Instructions §307.03 (2003).

## FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

### Damages for Fraud

If you decide that Eastside Lincoln Mercury proved by a preponderance of the evidence all of the elements of fraud, then you must decide what amount of money will reasonably compensate Eastside Lincoln Mercury for the actual damages proximately and directly caused by the fraud.

---

1 Ohio Jury Instructions 23.93 (2003); *Medical Billing, Inc. v. Medical Management Sciences, Inc.*, 212 F.3d 332, 338 (6th Cir. 2000); *Shover v. Cordis Corp.*, 61 Ohio St.3d 213, 217 (Ohio 1991) overruled on other grounds by *Collins v. Sotka*, 81 Ohio St.3d 506 (Ohio 1998); *Foust v. Valleybrook Realty Co.*, 4 Ohio App. 3d 164, 166 (Wood Cty. 1981).