## FORD DEFENDANTS' PROPOSED JURY INSTRUCTION NO.

### Punitive Damages

Eastside Lincoln Mercury seeks punitive damages in connection with its fraud claim against Ford, Mr. Carter and Mr. Walls. You will decide whether Ford, Mr. Carter and Mr. Walls are liable for punitive damages in addition to any other damages you may award to Eastside Lincoln Mercury. The purpose of punitive damages is to punish the offending party and to make the offending party an example to discourage others from similar conduct. You may decide that Ford, Mr. Carter and Mr. Walls are liable for punitive damages only if you find by clear and convincing evidence that:

(A) Ford, Mr. Carter, and/or Mr. Walls' acts or failures to act demonstrated malice, aggravated or egregious fraud, oppression, or insult; and

(B) Eastside Lincoln Mercury has presented proof of actual damages that resulted from those acts or failures to act by Ford, Mr. Carter and/or Mr. Walls.

"Malice" means that state of mind under which a person's conduct is characterized by hatred, ill will, or a spirit of revenge.

"Substantial" means major, of real importance, of great significance, not trifling or small.

Fraud is "aggravated" if it is accompanied by the existence of malice or ill will. Fraud is "egregious" if the fraudulent wrongdoing is particularly gross.

"Oppression" is an act or series of acts that wrongfully subject the victim or victims to harm or hardship by the unjust or cruel use of force or authority.

"Insult" means any act or remark that is consciously, deliberately, or intentionally scornful or humiliating.

1 Ohio Jury Instructions §23.71 (2003); R.C. §2315.21 (2004).

## <u>FORD DEFENDANTS' PROPOSED JURY INSTRUCTION NO.</u>

### Amount of Punitive Damages

If you award punitive damages, the amount should be fair and reasonable under all the facts and circumstances. It should not be excessive, nor influenced by passion, sympathy or prejudice.

1 Ohio Jury Instructions §23.71 (2003)

## FORD DEFENDANTS' PROPOSED JURY INSTRUCTION NO.

### Attorneys' Fees

If you decide that Ford, Mr. Carter and/or Mr. Walls is liable for punitive damages in connection with Eastside Lincoln Mercury's fraud claim, you must also decide whether Ford, Mr. Carter and/or Mr. Walls is liable for the fees of the attorneys employed by Eastside Lincoln Mercury in this case. If you decide that Ford, Mr. Carter and/or Mr. Walls is liable for those attorneys' fees, the Court will determine the amount.

1 Ohio Jury Instructions §23.71 (2003).

## FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

### Eastside Lincoln Mercury's Civil Conspiracy Claim against
### Ford, Mr. Carter, Mr. Walls, Mr. Reichert and Kenwood

Eastside Lincoln Mercury claims that Ford, Mr. Carter, Mr. Walls, Mr. Reichert and Kenwood participated in a conspiracy *to commit a fraud on Eastside Lincoln Mercury*. To recover on its civil conspiracy claim, Eastside Lincoln Mercury must prove each of the following elements by a preponderance of the evidence:

    (1)    There was a malicious combination;

    (2)    Between two or more of the defendants;

    (3)    To injure Eastside Lincoln Mercury; and

    (4)    The existence of an unlawful act independent from the conspiracy.

If you decide that Eastside Lincoln Mercury has proven by a preponderance of the evidence all of the elements of conspiracy, then you have found that there was a conspiracy *to commit fraud on Eastside Lincoln Mercury*. However, if you find that Eastside Lincoln Mercury failed to prove by a preponderance of the evidence any one or more of the elements of conspiracy or if you are unable to determine what happened, your verdict must be for Ford, Mr. Carter, Mr. Walls, Mr. Reichert and Kenwood.

*Williams v. Aetna Finance Co.*, 83 Ohio St. 3d 464, 475 (Ohio 1998); *Aetna Casualty & Sur. Co. v. Leahey Construction Co.*, 219 F. 3d 519, 534 (6th Cir. 2000); *Nilavar v. Mercy Health Systems*, 142 F. Supp. 2d 859, 888 (S.D. Ohio 2000).

## FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

### Parties that Cannot Conspire

An employee, officer or agent of a corporation acting in the course and scope of his or her employment cannot enter into a conspiracy with his or her own corporation. Thus, you cannot find that Ford conspired with Mr. Carter or Mr. Walls, or that Mr. Reichart conspired with Kenwood.

---

*Nurse Midwifery Assoc. v. Hibbett*, 918 F.2d 605, 612 (6th Cir. 1990); *Nilavar v. Mercy Health Systems*, 142 F. Supp. 2d 859, 888 (S.D. Ohio 2000); *Scanlon v. Gordon F. Stofer & Bro. Co.* 1989 Ohio App. LEXIS 2528, *44 (Cuyahoga Cty. 1989).

## FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

### Definition of Malicious Combination

To prove that there was a "malicious combination," Eastside Lincoln Mercury must prove by a preponderance of the evidence that two or more of the defendants—Ford, Mr. Carter, Mr. Walls, Mr. Reichert or Kenwood—maliciously agreed to commit a fraud on Eastside Lincoln Mercury. Malice is that state of mind under which a person purposely does an unlawful act, without a reasonable or lawful excuse, to the injury of another. Malice may be inferred from a common design of two or more persons to cause harm to another.

*Aetna Casualty & Sur. Co. v. Leahey Construction Co.*, 219 F. 3d 519, 534 (6th Cir. 2000); *De Boer Structures (U.S.A.), Inc. v. Shaffer Tent and Awning Co.*, 233 F. Supp. 2d 934, 945 (S.D. Ohio 2002).

## FORD DEFENDANTS' PROPOSED JURY INSTRUCTION

### Definition of Underlying Unlawful Act

To prove that Ford, Mr. Carter, Mr. Walls, Mr. Reichert and/or Kenwood engaged in a conspiracy, Eastside Lincoln Mercury must first prove the existence of an underlying unlawful act that forms the basis of the conspiracy. In other words, Eastside Lincoln Mercury must prove that the defendants conspired to do something unlawful.

Eastside Lincoln Mercury claims that Ford, Mr. Carter, Mr. Walls, Mr. Reichert and Kenwood conspired to commit a fraud on Eastside Lincoln Mercury. If you find in favor of Eastside Lincoln Mercury on its fraud claim against Ford, Mr. Carter and Mr. Walls, then the underlying unlawful act element of Eastside Lincoln Mercury's conspiracy claims is satisfied. However, if you find against Eastside Lincoln Mercury on its fraud claim against Ford, Mr. Carter and Mr. Walls, then you must find that there was no conspiracy.

De Boer Structures (U.S.A.), Inc. v. Shaffer Tent and Awning Co., 233 F. Supp. 2d 934, 945 (S.D. Ohio 2002); Nilavar v. Mercy Health Systems, 142 F. Supp. 2d 859, 888 (S.D. Ohio 2000).

**<u>FORD DEFENDANTS' PROPOSED JURY INSTRUCTION</u>**

**Nominal Damages**

On any of Eastside Lincoln Mercury's claims, if you find that Eastside Lincoln Mercury failed to prove any damages by a preponderance of the evidence, you may award Eastside Lincoln Mercury nominal damages. "Nominal" means trifling or small. Nominal damages are generally $10 or less.

2 Ohio Jury Instructions §253.29 (2003).

**FORD DEFENDANTS' PROPOSED JURY INTERROGATORIES**
**FOR BREACH OF CONTRACT**

**Jury Interrogatory No. 1**

Do you find that Eastside Lincoln Mercury proved by a preponderance of the evidence that Ford breached the Sales and Service Agreements between Ford and Eastside Lincoln Mercury?

_____ Yes        _____ No

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

If your answer to this Interrogatory is "yes," go to Interrogatory No. 2.  If your answer to this Interrogatory is "no," you are done answering these Interrogatories.

**Jury Interrogatory No. 2**

Do you find that Eastside Lincoln Mercury proved by a preponderance of the evidence that it suffered damages as a result of Ford's breach of the Sales and Service Agreements between Ford and Eastside Lincoln Mercury?

_____ Yes          _____ No

If your answer to this Interrogatory is "yes," go to Interrogatory No. 3.  If your answer to this Interrogatory is "no," you are done answering these Interrogatories.

**Jury Interrogatory No. 3**

How much do you find that Eastside Lincoln Mercury was damaged as a direct and proximate result of Ford's breach of the Sales and Service Agreements between Ford and Eastside Lincoln Mercury?

$ _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

You are done answering these Interrogatories.

## FORD DEFENDANTS' PROPOSED JURY INTERROGATORIES FOR VIOLATION OF THE AUTOMOBILE DEALER'S DAY IN COURT ACT

### Jury Interrogatory No. 1

Do you find that Eastside Lincoln Mercury proved by a preponderance of the evidence that Ford failed to act in good faith, as that term is defined in the Automobile Dealer's Day in Court Act, under its Sales and Service Agreements with Eastside Lincoln Mercury?

_____ Yes          _____ No

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

If your answer to this Interrogatory is "yes," go to Interrogatory No. 2. If your answer to this Interrogatory is "no," you are done answering these Interrogatories.

**Jury Interrogatory No. 2**

Do you find that Eastside Lincoln Mercury proved by a preponderance of the evidence that Ford's conduct toward Eastside Lincoln Mercury amounted to coercion or intimidation, or threats of coercion or intimidation?

_____ Yes          _____ No

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

If your answer to this Interrogatory is "yes," go to Interrogatory No. 3.  If your answer to this Interrogatory is "no," you are done answering these Interrogatories.

**Jury Interrogatory No. 3**

Do you find that Eastside Lincoln Mercury proved by a preponderance of the evidence that it suffered damages as a result of Ford's conduct?

_____ Yes          _____ No

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

If your answer to this Interrogatory is "yes," go to Interrogatory No. 4.  If your answer to this Interrogatory is "no," you are done answering these Interrogatories.

**Jury Interrogatory No. 4**

How much do you find that Eastside Lincoln Mercury was damaged as a direct and proximate result of Ford's violation of the Automobile Dealer's Day in Court Act?

$ _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

You are done answering these Interrogatories.

**FORD DEFENDANTS' PROPOSED JURY INTERROGATORIES
FOR VIOLATION OF THE OHIO MOTOR VEHICLE DEALER ACT
(BAD FAITH UNDER THE SALES AND SERVICE AGREEMENTS)**

**Jury Interrogatory No. 1**

Do you find that Eastside Lincoln Mercury proved by a preponderance of the evidence that Ford failed to act in good faith, as that term is defined in the Ohio Motor Vehicle Dealer Act, under its Sales and Service Agreements with Eastside Lincoln Mercury?

_____ Yes        _____ No

If your answer to this Interrogatory is "yes," go to Interrogatory No. 2.  If your answer to this Interrogatory is "no," you are done answering these Interrogatories.

**Jury Interrogatory No. 2**

Do you find that Eastside Lincoln Mercury proved by a preponderance of the evidence that Ford's conduct toward Eastside Lincoln Mercury was commercially unjustifiable?

_____ Yes       _____ No

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

If your answer to this Interrogatory is "yes," go to Interrogatory No. 3.  If your answer to this Interrogatory is "no," you are done answering these Interrogatories.