UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EASTSIDE LINCOLN MERCURY, *et al.*, :
:
      Plaintiffs, :
: Case No. 1:01cv00567
v. :
: Judge Susan Dlott
FORD MOTOR COMPANY, *et al.*, :
:
      Defendants. :

### FORD DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PRETRIAL EXHIBIT DISCLOSURES

Pursuant to Federal Civil Rule 26(a)(3), Defendants Ford Motor Company, Jerry Carter, and A.W. Walls ("the Ford Defendants") submit the following objections to Plaintiff Eastside Lincoln Mercury's Pretrial Exhibit Disclosures. Given that the most recent Order states that this case will be reassigned prior to trial, the Ford Defendants are filing these objections in conformity with the Federal Civil Rules rather than attempting to anticipate what, if any, pretrial order may later apply.

    **A.**    **The Court should strike Plaintiff's Pretrial Exhibit Disclosures and preclude Plaintiff from offering any exhibits at trial.**

Once again Plaintiff has ignored a Court imposed deadline and made a late filing with the Court. On October 26, 2004, the Court ordered the parties to file exhibits lists with the Court by November 9, 2004. October 26, 2004 Order. Plaintiff did not file its Pretrial Exhibit Disclosures until after the close of business on November 15, 2004, effectively making the filing one week after the Court imposed deadline. Plaintiff did not move the Court for additional time to file its exhibit list and no leave was granted by the Court.

The tardiness of Plaintiff's disclosure would probably not be worthy of mention except that such blatant disregard of a Court imposed deadline and the Federal Civil Rules has been Plaintiff's standard practice. Plaintiff failed to respond to the discovery requests of any of the Defendants in a timely fashion. Plaintiff failed to properly disclose its damages expert witness when initially ordered to do so. Even after receiving an extension from the Court, Plaintiff completely ignored the new expert disclosure deadline. As a result, Plaintiff had all of its experts excluded except its damages expert, who had to then be ordered, again, to comply with the disclosure requirements of Federal Civil Rule 26. After Plaintiff received four extensions of time to oppose the Ford Defendants' Motion for Summary Judgment, Plaintiff filed its Memorandum in Opposition more than ten days late and well in excess of the page limit. Plaintiff even filed its Final Pretrial Memorandum and Proposed Jury Instructions late.

Plaintiff's consistent failure to abide by Court imposed deadlines and the Federal Civil Rules should have consequences. Plaintiff's actions shows a lack of respect for the Court and opposing counsel, and have caused the Ford Defendants to incur unnecessary attorneys' fees. The Ford Defendants, therefore, request that the Court strike Plaintiff's Pretrial Exhibit Disclosures and preclude Plaintiff from offering any exhibits at trial. Such a sanction is appropriate and consistent with how other Courts have sanctioned parties for similar conduct. Numerous Courts have excluded exhibits and even dismissed a party's case for failing to timely identify exhibits. *See, e.g., Moore v. Hedge*, 1996 U.S. App. LEXIS 8253 (6th Cir. 1996)(attached as Exhibit A); *Williams v. Terrebonne Parish Consol Gov't*, 1999 U.S. Dist. LEXIS 3202 (E.D. La. 1999)(attached as Exhibit B); *Treadaway v. Ford Motor Co.*, 1998 U.S. Dist. LEXIS 16604 (E.D. La. 1998)(attached as Exhibit C); *Carter v. Moog Auto., Inc.*, 126 F.R.D. 557 (E.D. Mo. 1989). This is especially true when the offending party has engaged in a

course of conduct that shows a consistent refusal to comply with Court imposed deadlines and the Federal Civil Rules, as Plaintiff has done here.

### B. The Court should preclude Plaintiff from offering exhibits at trial that were not properly identified in Plaintiff's Pretrial Exhibit Disclosures.

Plaintiff not only failed to timely identify its exhibits, but it also failed to properly identify many of its exhibits. Plaintiff identified a number of "exhibits" with broad categories that actually force the Defendants to locate and identify the exhibits. Plaintiff failed to use bates numbers for identification of the exhibits. For example, Plaintiff identified one exhibit as "All documents used or referenced in discovery depositions." Plaintiff's Pretrial Exhibit Disclosures at 13. Not only are these "exhibits" duplicative, but they force Defendants' attorneys to review all of the twenty plus depositions in this case to identify Plaintiff's possible trial exhibits. The exhibits that use improperly broad categories that do not sufficiently describe the exhibit are exhibits produced by Defendants nos. 163 and 164, and exhibits that do not bear a discovery document number, or that were identified in expert reports nos. 2, 11, 15, 16, 18, 19, 22, 26-39 and 41.[1]

Federal Civil Rule 26(a)(3)(C) requires the "appropriate identification of each document or other exhibit" to be used at trial. Plaintiff's failure to appropriately identify its exhibits is simply another example of Plaintiff's persistent failure to abide by the Federal Civil Rules. Therefore, the Court should preclude Plaintiff from offering the above improperly identified exhibits at trial. Alternatively, Plaintiff should be ordered to properly identify its exhibits and

---

[1] Plaintiff's Pretrial Exhibit Disclosures identified exhibits by three categories: (1) documents produced by Plaintiff in discovery, (2) documents produced by the Defendants in discovery, and (3) documents not produced in discovery or that were used by one of the expert witnesses in this case. The Ford Defendants used the same categories when objecting.

the Ford Defendants should be granted leave to make any additional objections to those exhibits within 14 days of their disclosure.

### C.    The Ford Defendants' objections to Plaintiff's Pretrial Exhibit Disclosures.

Pursuant to Federal Civil Rule 26(a)(3), the Ford Defendants make the following objections to Plaintiff's Pretrial Exhibit Disclosures.

Pursuant to Federal Evidence Rules 801 and 802, the Ford Defendants object on the basis of hearsay to (1) exhibits produced by Plaintiff nos. 1-43, 45-59, 61-119, (2) exhibits produced by Defendants nos. 1-15, 17-71, 73-191, and (3) exhibits that do not bear a discovery document number, or that were identified in expert reports nos. 1-43.

The Ford Defendants agree to stipulate to the authenticity of the exhibits identified in Plaintiff's Pretrial Exhibit Disclosures except for (1) exhibits produced by Plaintiff nos. 2, 5-6, 8-9, 11, 13-15, 19-21, 25, 27-29, 31-33, 40-69, 71-75, 78-79, 82-92, 94, 99, 101, 104, 109-119, (2) exhibits produced by Defendants nos. 4, 10-11, 13-14, 16-23, 26-29, 32, 34-36, 38-39, 48, 50, 52, 54, 57-63, 65, 67, 69, 72-74, 78, 82, 86, 90, 93-96, 103-106, 110, 113-118, 120, 122-124, 126, 129-134, 145-146, 151, 155-158, 161-162, 168-182, 184-186, 187-191, and (3) exhibits that do not bear a discovery document number, or that were identified in expert reports nos. 1-2, 4-12, 15-24, and 26-43.

### D.    The Ford Defendants reserve the right to object to exhibits not produced by Plaintiff.

Plaintiff's Pretrial Exhibit Disclosures included a number of exhibits that do not appear to have been produced to the Ford Defendants. Those exhibits are broadly and insufficiently identified in Section III of Plaintiff's Pretrial Exhibit Disclosures. The exhibits are not identified by bates number. Although the Court has not yet instructed the parties to exchange exhibits, the Ford Defendants specifically requested Plaintiff to identify and produce its trial exhibits in

discovery. Plaintiff's counsel has agreed to produce any and all documents in Section III that have not yet been produced. Accordingly, the Ford Defendants reserve the right to make any additional objections to those exhibits within 14 days of production by Plaintiff's counsel.

Respectfully submitted,

*[signature]*

Elizabeth A. McNellie (0046534)
Baker & Hostetler LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215
(614) 228-1541

Trial Attorney for Defendants
Ford Motor Company, Jerry Carter, and A.W. Walls

OF COUNSEL:

George W. Hairston (0030507)
K. Issac deVyver (0072633)
John J. Frost (0077003)
Baker & Hostetler LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215
(614) 228-1541
(614) 462-2616 (fax)

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed to Alan J. Statman, Esq., and Gregory J. Berberich, Esq., STATMAN, HARRIS, SIEGEL & EYRICH, LLC, 2900 Chemed Center, 255 East Fifth Street, Cincinnati, Ohio 45202, counsel for plaintiffs, and Steven D. Hengehold, Esq., and James J. Englert, Esq., RENDIGS, FRY, KIELY & DENNIS, LLP, 900 Fourth & Vine Tower, Five West Fourth Street, Cincinnati, Ohio 45202, counsel for defendants Robert C. Reichert and Kenwood Dealer Group, Inc., by regular U.S. mail, postage prepaid, and sent electronically to these same individuals, this 30th day of November, 2004.

_____
Elizabeth A. McNellie