# EXHIBIT A

Service: **Get by LEXSEE®**
Citation: **1996 us app lexis 8253**

*1996 U.S. App. LEXIS 8253, \**

AARON K. MOORE, Plaintiff-Appellant, v. SGT. R. HEDGE; OFFICER DEITZ, Defendants-Appellees.

No. 95-5919

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

1996 U.S. App. LEXIS 8253

March 11, 1996, Filed

**NOTICE:** [\*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 81 F.3d 160, 1996 U.S. App. LEXIS 18031.

**DISPOSITION:** The request for counsel is denied, and the district court's order is affirmed.

**COUNSEL:** For AARON K. MOORE, Plaintiff - Appellant: Aaron K. Moore, Pro Se, Jeffersonville, IN.

For R. HEDGE, Sgt., OFFICER DEITZ, Defendants - Appellees: Allen P. Dodd, III, Dodd & Dodd, Louisville, KY.

**JUDGES:** BEFORE: NORRIS, SILER and GODBOLD, \* Circuit Judges.

\* The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

**OPINION:** ORDER

Aaron K. Moore, a pro se Kentucky prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. The district court dismissed the complaint, pursuant to Fed. R. Civ. P. 41(b), for failure to comply with the orders of the court. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the [\*2] Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In his complaint, Moore alleged that defendant Hedge placed his hands on Moore causing Moore personal harm and using unwarranted force. He alleged that Officer Deitz "used harassment and communication with intimidation." He further alleged that he is being denied medical treatment at the V.A. hospital, that jail officials at the Jefferson County Jail and Community Correction Center are retaliating against him for filing a lawsuit, and that he is being denied personal hygiene items as well as his underclothing and legal materials. He sought monetary relief and a jury trial. The complaint did not specify the capacity in which Moore was suing the defendants.

In an order filed July 16, 1993, the district court permitted Moore to amend his complaint to state a proper cause of action. Moore timely filed an amended complaint providing additional factual support for his claims. The defendants filed an answer.

In September 1993, the district court ordered Moore to provide the defendants with a list of witnesses and trial exhibits by November 16, 1993. Moore failed to [*3] comply with this order after having been granted an extension. Thereafter, the district court entered three orders, on separate occasions, directing Moore "to show cause in writing why this case should not be dismissed for failure to comply with orders of the Court." These orders were entered on June 9, 1994, July 11, 1994, and January 9, 1995. The defendants filed a motion to dismiss Moore's complaint for failure to state a claim and because of Moore's failure to comply with the district court's pre-trial order.

Moore failed to file any evidence with the district court demonstrating "the nature and extent of the injury he allegedly received" from the defendants. He also failed to provide the defendants with a list of witnesses or trial exhibits. As a result of Moore's dereliction, the district court dismissed the complaint with prejudice pursuant to Fed. R. Civ. P. 41(b). This timely appeal followed. Moore requests the appointment of counsel in his brief on appeal.

Upon review, we conclude that the district court did not abuse its discretion in dismissing Moore's complaint with prejudice pursuant to Fed. R. Civ. P. 41(b). Link v. Wabash R.R., 370 U.S. 626, 633, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962); [*4] Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991). A district court may dismiss a case under Fed. R. Civ. P. 41(b) only in extreme situations reflecting a clear record of delay or contumacious conduct by the plaintiff. See Consolidation Coal Co. v. Gooding, 703 F.2d 230, 233 (6th Cir. 1983); Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980) (per curiam). In determining whether a district court has abused its discretion, the reviewing court should consider: (1) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (2) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (3) whether less drastic sanctions were imposed or considered before dismissal was ordered. See Taylor v. Medtronics, Inc., 861 F.2d 980, 986-87 (6th Cir. 1988) (citing Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 155 (6th Cir. 1988)).

Although less drastic sanctions were not imposed before dismissal was ordered, the factual scenario presented by this case indicates that Moore acted contumaciously by consistently failing to obey the district court's orders. [*5] The district court unequivocally warned Moore on at least four occasions that Moore's failure to comply with the court's orders would result in dismissal. The pre-dismissal warning for failure to comply with the district court's orders is pivotal to the determination of willfulness. See Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir. 1988). Moore did not offer any explanation for his unreasonable actions in the district court nor has he tendered any explanation for his unreasonable actions in his brief on appeal. Moore's lack of responsiveness to the district court's orders have caused undue delay in this litigation. This case has been pending since July of 1993, and Moore has been granted several extensions in which to comply with the district court's orders to no avail. Under these circumstances, Moore has displayed a clear pattern of delay or contumacious behavior to support dismissal of his complaint.

Accordingly, the request for counsel is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.

Service: **Get by LEXSEE®**
Citation: **1996 us app lexis 8253**
View: Full
Date/Time: Tuesday, November 30, 2004 - 4:04 PM EST

\* Signal Legend:
- ⬤ - Warning: Negative treatment is indicated
- ▲ - Caution: Possible negative treatment
- ✦ - Positive treatment is indicated
- Ⓐ - Citing Refs. With Analysis Available
- Ⓘ - Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.