# EXHIBIT B

Get a Document - by Citation - 1999 U.S. Dist. LEXIS 3202  Page 1 of 3

Case 1:01-cv-00567-SJD    Document 101-3    Filed 11/30/2004    Page 2 of 4

Service: **Get by LEXSEE®**
Citation: **1999 U.S. Dist. LEXIS 3202**

*1999 U.S. Dist. LEXIS 3202, ** 

MICHAEL RANDY WILLIAMS, SR. VERSUS TERREBONNE PARISH CONSOLIDATED GOVERNMENT

CIVIL ACTION NO. 98-2526 SECTION "T"

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

1999 U.S. Dist. LEXIS 3202

March 8, 1999, Decided
March 9, 1999, Filed; March 10, 1999, Entered

**DISPOSITION:** [*1] Motion in limine by defendant to exclude plaintiff's witness and exhibit lists GRANTED.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant filed a motion in limine to exclude plaintiff's witness and exhibit lists due to plaintiff's untimely filing of the lists.

**OVERVIEW:** At a preliminary conference in the instant action, a trial date and scheduling order were set establishing a variety of important cut-off dates for the submission of expert reports and witness lists, among other things. Plaintiff failed to file any of these documents by the court established cut-off date. After the cut-off date, plaintiff sent a letter to the court explaining that the reason for its failure to abide by the scheduling order was because plaintiff's original attorney did not inform plaintiff that he could not represent plaintiff, until shortly before the cut-off date. Despite plaintiff's explanation, defendant filed a motion in limine to exclude plaintiff's witness and exhibit lists for untimely filing. The court granted defendant's motion because plaintiff's letter of explanation was not received until well after plaintiff missed the cut-off date. Moreover, plaintiff failed to properly comply with the form and time limits for opposing defendant's motion in limine. Hence, the court viewed defendant's motion as unopposed and, therefore, granted it.

**OUTCOME:** The court granted defendant's motion in limine to exclude plaintiff's witness and exhibit lists due to plaintiff's untimely filing of said lists as well as plaintiff's failure to properly comply with the form and time limits for opposing defendant's motion.

**CORE TERMS:** motion in limine, deadline, scheduling, cut-off, failed to file, pre-trial, treating, exposure, asbestos, motion to dismiss, unopposed, informing, discovery

**LexisNexis(R) Headnotes** ♦ Hide Headnotes

Civil Procedure > Sanctions > Misconduct & Unethical Behavior
**HN1** Under Fed. R. Civ. P. 16(b), (c), (e), and (f) and 26(a) and (f), the district judge, when authorized by district rule, shall, after consulting with the attorneys for the parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order. The judge then has the discretion to impose sanctions if the schedule is not complied with in full, unless there is a showing of good cause by the non-abiding party. One of the sanctions which may be imposed by the district judge

Get a Document - by Citation - 1999 U.S. Dist. LEXIS 3202   Page 2 of 3

Case 1:01-cv-00567-SJD   Document 101-3   Filed 11/30/2004   Page 3 of 4

is the exclusion of those lists which were not delivered within established deadlines. More Like This Headnote

**COUNSEL:** MICHAEL RANDY WILLIAMS, SR, plaintiff, Pro se, Houma, LA.

For TERREBONNE PARISH CONSOLIDATED GOVERNMENT, defendant: Stephen M. LaRussa, Charles J. Fulda, IV, Stephen M. LaRussa & Associates, Houma, LA.

**JUDGES:** G. THOMAS PORTEOUS, JR., UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** G. THOMAS PORTEOUS, JR.

**OPINION:** This cause came for hearing on March 3, 1999 upon the motion in limine, or in the alternative, motion to continue discovery, filed by the defendant Terrebonne Parish Consolidated Government. Oral argument was waived and the matter was taken under submission on the briefs. However, the court notes that plaintiff, Michael Randy William's, Sr., has failed to file a timely opposition. Therefore, the court is treating the defendant's motion as unopposed.

## ORDER AND REASONS

### I. Background

A preliminary conference was held on December 9, 1998, and trial was set for April 5, 1999. At the conference the court set its scheduling order. According to the court's scheduling order, a final pre-trial conference is set for March 23, 1999. Also, several important cut-off dates were set at the preliminary [*2] conference. The deadline for the submission of written reports of experts, including treating physicians who may be witnesses for the plaintiff was set for no later than 90 days prior to the final pre-trial conference. Furthermore, the deadline for a list of all witnesses and exhibits was set for no later than 60 days prior to the final pre-trial conference. See Doc. 6 The plaintiff failed to file any of these documents by the court established cut-off date. The court and defendant did not receive the said lists until February 3, 1999, which was after the deadline set at the preliminary conference.

On February 10, 1999, the plaintiff mailed a letter informing the court that the defendant's attorney had informed the plaintiff that the defendant intended to submit a motion to dismiss the case. The defendant related to the plaintiff that the reason for his motion to dismiss was due to the plaintiff's dilatory filing of his witness and exhibit lists. Furthermore, in his letter to the court, the plaintiff indicated that the reason for his failure to meet the deadline was that Mr. Brown (the original attorney the plaintiff talked to about this case) did not inform him that he did not [*3] specialize in labor relations and therefore could not represent the plaintiff until, January 21, 1999. Attached to the plaintiff's letter was a copy of the fax from Mr. Brown informing the plaintiff that Mr. Brown would not be representing him but that he had called two other attorneys who handled such cases and informed them of this case.

### II. Legal Analysis

HN1 Under rules 16(b), (c), (e), and (f) and 26(a) and (f) of the F.R.C.P., the district judge, when authorized by district rule, shall after consulting with the attorneys for the parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order. The judge then has the discretion to impose sanctions if the schedule is not complied with in full, unless there is a showing of good cause by the non abiding party. One of the sanctions which may be imposed by the district judge is the exclusion of those lists which were not delivered within established deadlines. In Rabb v. Amatex Corp., 769 F.2d 996 (4th Cir. 1985), an asbestos plaintiff's willful disregard of district court's pretrial establishing discovery

Get a Document - by Citation - 1999 U.S. Dist. LEXIS 3202    Page 3 of 3

Case 1:01-cv-00567-SJD    Document 101-3    Filed 11/30/2004    Page 4 of 4

timetable for asbestos plaintiffs to follow in producing lists of products, defendants, **[*4]** exposure witnesses, and dates; locations of exposure warranted the sanction of preclusion of evidence critical to the plaintiff's case.

### III. Conclusion

The plaintiff failed to file the plaintiff's witness and exhibit lists within the cut-off date set by Judge Porteous at the preliminary conference held on December 9, 1998. Although the court received a letter offering an explanation for this delay, the letter was not received by the court until February 10, 1999, well after the plaintiff missed the cut-off date set by the court. Furthermore, the defendant's motion in limine was set for hearing on March 3, 1999. The plaintiff failed to comply with Local Rule 7.5 (e) as to both form and time limits for a proper opposition. Accordingly, the court is treating the defendant's motion in limine as unopposed. Therefore, after reviewing the record, the memorandum, the applicable law, the Federal Rules of Civil Procedure, and the local rules of the Eastern District of Louisiana, the court hereby finds the defendant's motion in limine to be with merit, and that said motion should be grated by this court.

Accordingly,

**IT IS ORDERED** that the motion in *limine* by the defendant **[*5]** to exclude the plaintiff's witness and exhibit lists, be, and the same is hereby **GRANTED**.

New Orleans, Louisiana, this 8th of March, 1999.

**G. THOMAS PORTEOUS, JR.**

**UNITED STATES DISTRICT JUDGE**

Service: **Get by LEXSEE®**
Citation: **1999 U.S. Dist. LEXIS 3202**
View: Full
Date/Time: Tuesday, November 30, 2004 - 4:07 PM EST

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.