# EXHIBIT C

Service: **Get by LEXSEE®**
Citation: **1998 us dist lexis 16604**

*1998 U.S. Dist. LEXIS 16604, \**

LEE TREADAWAY, wife of/and FOHN TREADAWAY versus FORD MOTOR COMPANY

CIVIL ACTION No. 95-3859 SECTION: E/3

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

1998 U.S. Dist. LEXIS 16604

October 19, 1998, Decided
October 19, 1998, Filed; October 20, 1998, Entered

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiffs and defendant motor company both filed motions in limine seeking to exclude certain evidence and testimony of witnesses in plaintiffs' action for personal injuries one of the plaintiffs sustained when a fuel fire erupted in her vehicle. Plaintiffs also lodged objections to certain of the motor company's exhibits.

**OVERVIEW:** The court partially granted and partially denied the motions in limine and plaintiffs' objections to exhibits. The court, inter alia, (1) partially granted plaintiffs' motion to strike testimony of witnesses not previously identified, finding that one witness could authenticate documents only and the other could be called to testify because he was previously identified by another defendant; and (2) denied the motor company's motions to exclude photos of plaintiff's burn injuries, evidence concerning the voluntary recall of fuel spring lock connectors, and evidence of fires prior to the motor company's recall because such evidence was relevant. As to plaintiffs' objections to certain exhibits, the court overruled the objections as to a safety compliance report and drawings of the fuel system, because the report was irrelevant and harmless and the drawings were prepared by a testifying witness and were reproduced from the motor company's manual. The court maintained plaintiffs' objection to photos and videotapes because they were not timely exchanged.

**OUTCOME:** The court partially granted and partially denied the parties' motions in limine; granted one of plaintiffs' objections to the motor company's exhibits; and overruled plaintiffs' objections to certain other exhibits.

**CORE TERMS:** fuel, videotape, photographs, motion to exclude, hearsay, spring lock, connector, magazine, pre-trial, exclude evidence, exchanged, testing, repair, burn, witness list, authenticate, siphoning, introduce, discovery, drawing, fault, scheduling, unreasonably dangerous, probative value, expert report, repair work, certification, cumulative, campaigns, graphic

**COUNSEL:** [\*1]  For LEE A TREADAWAY, FOHN S TREADAWAY, plaintiffs: William J. Faustermann, Jr., Tommy Wood Thornhill, Tara Lee Farris, Thornhill, Kelley, Farris & Faustermann, LC, Slidell, LA.

For FORD MOTOR COMPANY, defendant: J. Jeffery Raborn, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, LLP, Baton Rouge, LA.

Get a Document - by Citation - 1998 U.S. Dist. LEXIS 16604                    Page 2 of 6

Case 1:01-cv-00567-SJD    Document 101-4    Filed 11/30/2004    Page 3 of 7

For FORD MOTOR COMPANY, defendant: James Edward Swinnen, Michael T. Pulaski, Robert W. Maxwell, John B. Sanders, Pulaski, Gieger & Laborde, New Orleans, LA.

**JUDGES:** MARCEL LIVAUDAIS, JR., United States District Judge.

**OPINIONBY:** MARCEL LIVAUDAIS

**OPINION: ORDER AND REASONS**

The parties have filed the following motions in limine:

(1) Motion by plaintiffs, the Treadaways, to strike witnesses, John Dore and Sam Guillot;

(2) Motion by defendant, Ford Motor Company, to exclude all graphic photographs of plaintiff's burn injuries;

(3) Motion by defendant Ford to exclude all evidence concerning the voluntary recall campaigns for the 1987 Escort subject vehicle, or any other precautionary measures undertaken by Ford;

(4) Motion by defendant Ford to exclude evidence of all fires prior to Recall 87S36;

(5) Motion by defendant Ford to exclude article regarding fuel line siphoning;  **[*2]**

(6) Motion by defendant Ford to exclude videotape of Ford vehicle fires and magazine articles.

In addition, plaintiffs have lodged the following written objections to exhibits:

(7) Objection by plaintiffs to defendant's exhibits 16 and 17 (videotape) and testimony of Ron Irwin not previously disclosed.

(8) Objection by plaintiffs to defendant's exhibit 14, FMVSS certification testing for the 1987 Ford Escort.

(9) Objection by plaintiffs to defendant's exhibit 19, drawings depicting components in the fuel delivery system in 1987 Ford Escorts.

All motions and objections listed are opposed and will be addressed *seriatim*.

**(1) Plaintiffs' motion to strike witnesses.**

Plaintiffs Lee Treadaway and Fohn Treadaway seek to strike defense witnesses John Dore and Sam Guillot, who were listed on the pre-trial order, but not previously listed as witnesses by Ford. On January 29, 1996 (Rec. Doc. No. 7), the Court issued a F.R.Civ.P. 16 scheduling order setting forth all pre-trial deadlines. Specifically, the order provided:

> Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial **[*3]**  and all exhibits which may or will be used at trial not later than 60 days prior to Final Pretrial Conference Date.

> The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do issued on motion for good cause shown.

Get a Document - by Citation - 1998 U.S. Dist. LEXIS 16604                    Page 3 of 6

Case 1:01-cv-00567-SJD    Document 101-4    Filed 11/30/2004    Page 4 of 7

After the initial trial date setting was continued, similar Rule 16 scheduling orders were issued on October 6, 1996 (Rec. Doc. No. 35), November 8, 1996 (Rec. Doc. No. 36), June 25, 1997 (Rec. Doc. No. 53), and March 26, 1998 (Rec. Doc. No. 73). Neither Dore nor Guillot were listed by name on Ford witness lists which were filed on June 25, 1996 (Rec. Doc. No. 19), October 7, 1997 (Rec. Doc. No. 62), January 30, 1998 (Rec. Doc. No. 69), and May 27, 1998 (Rec. Doc. No. 80), nor were they listed on a supplemental witness list which Ford filed on August 25, 1998 (Rec. Doc. No. 98). Ford first listed these two witnesses by name on the pre-trial order filed in the record on October 7, 1998 (Rec. Doc. No. 101) and again listed them on the final witness list it submitted on October 13, 1998 (Rec. Doc. No. 104). Ford did **[*4]** list as witnesses representatives of Lamarque Ford and of R & D Automotive. Defense witness Sam Guillot was listed (with the notation "address to be determined") on the March 17, 1996 witness list filed by then defendant R & D Automotive. R & D was since dismissed with prejudice upon joint motion of plaintiffs and defendant.

Defendant Ford wishes to call Dore as a representative of Lamarque Ford, and seeks to have him testify about the recall and repair records on the subject vehicle, as well as on the repairs he performed on the plaintiff's Ford Escort. Dore no longer works for Lamarque Ford. Defendant has not offered any reason why John Dore was not named specifically until the pre-trial order, but states that his testimony is to authenticate documents and to testify about recall repairs on the parts in question which plaintiffs allege to be defective.

The Court finds that Dore can authenticate documents from Lamarque Ford. However, since Dore was not listed until after the discovery period had expired and the plaintiff was unable to discern his identity for the purposes of conducting discovery, Dore cannot testify substantively about the repairs to the Escort components in question, **[*5]** absent an agreement by plaintiff, or stipulation by the plaintiff as to his testimony.

While defendant Ford did not list Sam Guillot as a witness, R & D Automotive did list Guillot as a witness early in the pendency of this action. Plaintiffs suggest that because Ford agreed to dismiss R & D Automotive with prejudice, it should be foreclosed from calling R & D witnesses or suggesting that R & D was at fault in causing the Escort's engine to erupt in flames. While the fact that Ford agreed to dismiss R & D Automotive with prejudice may be relevant for cross-examination and/or argument purposes, there is no jurisprudential or statutory rule which prevents Ford from asserting the defense of third-party fault. There has been no judicial ruling that as a matter of law, R & D was not at fault. Thus, because Guillot was listed previously by another defendant in the case and his identity was known, the Court will not preclude Ford from calling him to testify.

**(2) Defendant Ford's motion to exclude photographs of plaintiff's burn injuries.**

Ford moves to exclude photographs of plaintiff Lee Treadaway's burn injuries for the reason that they are cumulative of plaintiff's own testimony, **[*6]** and that of medical witnesses and records, that their probative value is substantially outweighed by danger of unfair prejudice to Ford, and because the pictures may not be authentic, i.e., they distort reality. The Court has reviewed the photographs. While they are somewhat graphic, they are not gory or sensational, appear to depict plaintiff's injuries in a fair and realistic way, and are not extremely distasteful. While they show burn injuries, and it is uncomfortable for any person to view photographs of another person's injuries, they are quite relevant in establishing the extent of plaintiff's injuries. The Court does not find that they are cumulative or that they lack authenticity, as the Court assumes the plaintiff will identify them as showing what her injuries looked like. Further, the Court does not find that their probative value, which is high, is outweighed by the danger of unfair prejudice. Thus, defendant's motion to exclude the photographs will be **DENIED.**

Get a Document - by Citation - 1998 U.S. Dist. LEXIS 16604                Page 4 of 6

Case 1:01-cv-00567-SJD    Document 101-4    Filed 11/30/2004    Page 5 of 7

**(3) Defendant Ford's motion to exclude all evidence concerning voluntary recall campaigns for the 1987 Ford Escort.**

Defendant Ford moves to exclude evidence of the fact that a recall on the fuel spring lock [*7] connector for the plaintiff's 1987 Ford Escort was issued by Ford because plaintiff has not proved that the condition requiring the recall existed on her vehicle. Ford issued a recall on the fuel spring lock connector because the fuel lines had become disconnected in some Ford Escorts, creating the risk of fire. Plaintiffs have accumulated evidence of fires in other Ford Escorts from this condition which they intend to introduce at trial. The recall repair work was performed on plaintiff's vehicle prior to her purchasing the vehicle.

The Court is familiar with the evidence which plaintiffs intend to introduce at trial and finds that plaintiffs have established that it is possible that the spring lock connector played a part in the fuel fed fire which erupted in her 1987 Escort. Thus, the Court finds that the recall is relevant to the issue of whether the spring lock connector, and its recall fix, were unreasonably dangerous in design. Ford's motion to exclude evidence of the recall shall be **DENIED.**

**(4) Motion of Ford to exclude evidence of all fires prior to Recall 87S36.**

Ford moves to exclude evidence of any fire in a Ford Escort which occurred prior to repair work pursuant [*8] to its Recall 87S36, on the basis that it is irrelevant as the plaintiff has failed to establish that her vehicle had a defect similar to the condition described in Recall 87S36. The Court finds that the evidence is relevant for at least two reasons. First, Ford denies that the spring lock connector problems were a problem that could have caused a fire, a fact ostensibly refuted by evidence that fires occurred in other Ford Escorts. Second, the recall is part of the evidence with which plaintiffs are seeking to establish that the fuel line system was unreasonably dangerous in design, and the fact that this component may have been the cause of fires in Ford Escorts is part of that proof.

Ford suggests that the evidence is hearsay. Whether or not the evidence is hearsay must be judged in the context of the testimony used to introduce it. Ford's motion to exclude this evidence on the basis of relevancy is **DENIED**, and on the basis of hearsay is **DENIED AT THIS TIME.**

**(5) Defendant Ford's motion to exclude article regarding fuel line siphoning.**

Ford moves to exclude an article about fuel siphoning, the substance of which it anticipates plaintiffs' expert Tom Green may include [*9] in his testimony. Since the expert may not mention it in his testimony, a ruling on such a motion is premature at this time and thus ruling is **DEFERRED.**

**(6) Defendant Ford's motion to exclude videotape of Ford vehicle fires and magazine articles.**

Ford objects to the plaintiff's introduction of a videotape from a television show demonstrating fires in a various Ford vehicles and magazine articles on the same subject as they have nothing to do with the fire in question. The tape was not provided to the defendant until less than one week prior to trial and both the magazine articles and videotape are hearsay.

The Court agrees at this juncture that the information contained on the videotapes and magazine articles are hearsay in the abstract and may have only marginal relevance unless an expert relied upon them in reaching an opinion, or unless Ford denies that fires have erupted in vehicles they have manufactured. Thus, at this time, Ford's motion to exclude shall be **GRANTED**, but plaintiffs are reserved the right to offer them in the event they can

Get a Document - by Citation - 1998 U.S. Dist. LEXIS 16604          Page 5 of 6

Case 1:01-cv-00567-SJD     Document 101-4     Filed 11/30/2004     Page 6 of 7

overcome these difficulties.

### (7) Plaintiff's objection to defendant's exhibits 16 and 17 and testimony of Ron Irwin not [*10] previously disclosed.

Plaintiffs object to defendant's exhibit 16, which are photographs and videotapes of testing which defense expert Ron Irwin created after his expert report was exchanged and his deposition was taken, and exhibit 17, which is a fluid flammability video, which Irwin states is part of his prior experience in reaching his opinion. As to defendant's exhibit 16, the photographs and videotapes demonstration were not part of Ron Irwin's expert report that was timely exchanged, nor was it a substantive part of his deposition testimony. It was not listed on prior exhibit lists, is untimely, and relates to a core issue in the case, i.e., whether the recalled components of the vehicle were the cause of the fire. Defendant's exhibit 16, because it was not timely exchanged, will be **EXCLUDED.**

Defendant's exhibit 17 likewise was not listed in any witness or exhibit list and is introduced to bolster Ford's theory that any gasoline leaked from the part in question would have evaporated rather than ignited. Expert Irwin stated he saw it more than five years ago and does not know the date the test on the videotape was conducted. He was not present when the test was conducted [*11] and did not conduct it himself.

The Court finds that the videotape was not timely exchanged and may contain hearsay or unreliable information, as the person or entity who conducted the test is not being called to authenticate it. Thus, the objection to the test shall be **MAINTAINED.**

### (8) Plaintiffs' objection to defendant's exhibit 14, FMVSS certification testing.

Plaintiffs object to defendant's exhibit 14, which is a report of Federal Motor Vehicle Safety Standard Compliance Testing conducted on the 1987 Ford Escort, which are full vehicle crash tests required by the federal government, because the exhibit was not provided during discovery. Defendant replies by stating it was listed on preliminary witness lists and that this particular report was not requested by plaintiffs, but the testing on the individual component parts were requested.

The Court finds that the report is irrelevant, as there is no claim that the vehicle was not crashworthy, but is harmless. Thus objection shall be **OVERRULED.**

### (9) Plaintiffs' objection to defendant's exhibit 19, drawings of the fuel system.

Plaintiffs object to defendant's exhibit 19, which are drawing by Ford expert Ron Irwin illustrating [*12] areas of the fuel system of the 1987 Ford Escort. These exhibits were prepared by the witness who is going to testify and were listed on prior witness lists. They are reproductions of illustrations contained in the Ford Shop Manual. The plaintiffs' objection to defendant's exhibit 19 is **OVERRULED.**

Accordingly,

The Court hereby rules as indicated herein on the motions in limine and written objections filed prior to trial.

New Orleans, Louisiana, October 19, 1998.

**MARCEL LIVAUDAIS, JR.**

United States District Judge

Get a Document - by Citation - 1998 U.S. Dist. LEXIS 16604 Page 6 of 6

Case 1:01-cv-00567-SJD    Document 101-4    Filed 11/30/2004    Page 7 of 7

Service: **Get by LEXSEE®**
Citation: **1998 us dist lexis 16604**
View: Full
Date/Time: Tuesday, November 30, 2004 - 4:07 PM EST

\* Signal Legend:

● - Warning: Negative treatment is indicated

▲ - Caution: Possible negative treatment

◆ - Positive treatment is indicated

Ⓐ - Citing Refs. With Analysis Available

Ⓘ - Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.