UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **EASTSIDE LINCOLN MERCURY, INC.** et al. | : | CASE NO. C-1-01-567 |
| | : | Judge Susan J. Dlott |
| Plaintiffs, | : | |
| v. | : | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO FORD DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PRETRIAL EXHIBIT DISCLOSURES** |
| **FORD MOTOR COMPANY**, et al. | : | |
| Defendants. | : | |
| | : | |

## MEMORANDUM

The Ford Defendants' (Ford) Objections to Plaintiff's Pretrial Exhibit Disclosures are based on allegations of tardiness and improper identification. Neither argument has merit.

### A. The Defendants Were Not Prejudiced By A One Week Delay in Receiving Plaintiff's Pretrial Exhibit Disclosures.

At the scheduling conference of September 22, 2004, the parties were first informed that this case would be transferred to the Honorable William O. Bertelsman for trial. At that time, a sample Order on Final Pretrial Conference used by Judge Bertelsman was distributed. The sample order contained no instructions regarding the timing or format of trial exhibit disclosures. Later, on October 13, 2004 Judge Bertelsman issued his Order on Final Pretrial Conference ("October 13 Order") setting the matter for final pretrial conference on November 16, 2004. The October 13 Order is substantially the same as the sample order and likewise did not contain any instructions regarding the timing or format for the disclosure of trial exhibits.

On or about October 26, 2004, Judge Bertelsman issued an Order clarifying the October 13 Order with regard to the disclosure of witness lists and exhibit lists ("October 26 Order"). The October 26 Order instructs that "all witness lists and statements and exhibit lists shall be filed herein seven (7) days prior to the final pretrial conference set in this matter." This was the first notice of a deadline for exchanging exhibit lists issued in this case and came only fourteen (14) days before the exhibit list was due.

Tens of thousands of documents have been produced in this case, either by the Defendants or from Plaintiff's own files. In order to make a comprehensive exhibit disclosure, a review of these materials was required and every effort was made to complete this review and prepare Plaintiff's Pretrial Exhibit Disclosures within the time allotted by the October 26 Order -- November 9 -- which was then a two week window. It was simply not feasible to complete the task in the time period provided. Instead, Plaintiff's exhibit disclosures were filed and served 6 days later on November 15, i.e., the day before the Final Pretrial Conference.

It is perhaps noteworthy that Ford's Objections do not contend that they were in any way prejudiced by obtaining Plaintiff's disclosures 6 days late. Given the fact that this case has no trial date, it would be impossible to make such a contention. It is also noteworthy that Ford failed to address this issue, if it is in fact a real issue, at the pretrial conference.

In truth, Ford is and was fully aware of the documents that are contained in the Plaintiff's exhibit list – <u>most of them came from Ford's own files</u>. To prevent the Plaintiff from using the documents on its exhibit list at trial would serve as a grave

2

sanction, particularly when there is absolutely no prejudice that occurred as a result of a late disclosure that occurred because of the relatively short time frame in which the Plaintiff was ordered to make the disclosure. During this same time period, the Plaintiff was preparing an extensive witness list, its pretrial memorandum, and other significant trial preparations.

The cases cited by Ford in support of its argument are distinguishable or do not stand for the proposition that is claimed. In the only Sixth Circuit case, <u>Moore v. Hedge</u>, 1996 U.S. App. LEXIS 8253, the Plaintiff refused, after three show cause orders, to provide any discovery, witness or exhibit lists and dismissal was ordered (not exclusion of exhibits) after the court provided four warnings the case would be dismissed and undue delay to the litigation resulted. In <u>Williams v. Terrabonne Parrish Consol. Govt.</u>, 1999 U.S. Dist. LEXIS 3202 (E.D. LA 1999), the plaintiff failed to timely disclose witnesses and exhibits and also failed to oppose the defendant's motion in limine. <u>Treadway v. Ford Motor Company</u>, 1998 U.S. Dist. LEXIS 16604 (E.D. LA) involved a motion in limine on several issues. The only issue analogous to late exhibit disclosure involved the defendant's attempt to use photographic and videotape exhibits at trial of expert testing when the photos and videos were not part of the expert's report and were prepared after the expert's deposition was taken.

Ford audaciously attempts to tell this Court how to control the proceedings before it. The issues raised to prove Plaintiff's "pattern of disregard" are either raised for the first time in this pleading or concern matters that have already been addressed by the Court. The first issue raised, untimely discovery responses, was addressed and rectified. Ford failed to mention in its memorandum that it admittedly

3

destroyed important discovery documents relating to vehicle allocation and was itself tardy in responding to discovery requests. **The Plaintiff's received additional discovery documents from Ford on November 9, 2004**. Ford's argument is undercut by its own conduct.

The expert disclosure issue has already been addressed by the Court. The Plaintiff attempted to name an additional expert but was precluded from doing so, though it was allowed to supplement Roger Bean's report. The statement "Plaintiff had all of its experts excluded except its damages expert" is typical Ford histrionics.

The Plaintiff did file its memorandum in opposition to summary judgment late, though no objection was raised at the time. Ford was well aware of the enormity of the task facing Plaintiff's counsel and four previous extensions were agreed upon by the parties. As to the pretrial statement, it was filed several hours late due to the press of business – yet no objection was made at that time or at the pretrial conference itself.

Ford's request that Plaintiff's exhibit list be stricken is baseless and should be denied. Absent a showing of undue delay, or some form of prejudice, there is no basis for the request. Ford's counsel was correct in stating that "[t]he tardiness of Plaintiff's disclosure would probably not be worthy of mention...", see Ford Memorandum at 2, and it should have stopped at that point. Given Ford's own conduct in discovery, it should be cautious in suggesting to the Court that anyone be punished for alleged discovery abuses.

STATMAN, HARRIS, SIEGEL, & EYRICH, LLC
2900 CHEMED CENTER • 255 EAST FIFTH STREET • CINCINNATI, OHIO 45202
(513)621-2666 • FAX NO. (513)621-4896

B.  **Ford is Not Entitled to Define the "Proper Identification of Exhibits"**

In yet another display of temerity, Ford claims that Plaintiff did not "properly identify" its exhibits. The exhibits were identified by Bates number or range and/or a brief narrative description of the documents. The statement that the Plaintiff failed to use Bates numbers to identify exhibits is false. Those documents that were identified with Bates numbers in discovery were identified as such and Plaintiff's disclosure proves it.

One exhibit to which an objection was lodged was "documents used or referenced in depositions", a "catch-all" identification made to preserve any exhibits already used but inadvertently not identified. All parties to this case know which documents were used in depositions – Ford's counsel even made an exhibit book that she brought to the depositions.

Ford's use of the term "improperly broad categories" of exhibits is undefined and does not appear to be contained in the civil rules. Some of the exhibits to which Ford objected, such as 163 and 164 clearly identify the documents in question, although Bates numbers were not listed because these documents are several thousand pages in length.

| | | |
|---|---|---|
| 163. | ELM3 | Allocation Schedule Order Bank Report Northgate LM 1999 - 2002 |
| | | Allocation Schedule Order Bank Report Fairfield LM 2000 - 2002 |
| | | Allocation Schedule Order Bank Report Kings LM 1999 – 2002 |
| | | Allocation Schedule Order Bank Report Eastside LM 1999 – 2002 |
| 164. | ELM3 | Final Dealer Allocation Report Northgate LM 1999 - 2002 |

      Final Dealer Allocation Report
      Fairfield LM 2000 - 2002
      Final Dealer Allocation Report
      Kings LM 1999 – 2002
      Final Dealer Allocation Report
      Eastside LM 1999 – 2002

ELM3, for the Courts edification, is Ford's own Bates numbering system for documents it produced in discovery. The bulk of the ELM3 range is allocation schedules and reports.

The final group of documents objected to by Ford are documents that were relied upon by Plaintiff's expert and, in some instances, by Defendants' expert. If Ford is unsatisfied with the descriptions given, it should be required to show how the identification fails to conform to the rules of civil procedure. Other than the conclusory statements in this section, there is no showing that the Plaintiff's exhibit list is non-conforming or fails to identify the documents described therein.

The objections raised in sections C and D of Ford's memorandum will be addressed at an appropriate time before or at trial.

      Respectfully submitted,

      ___/s/_____
      Alan J. Statman (0012045)
      Gregory J. Berberich (0043651)
      Lawrence A. Flemer (0018673)
      STATMAN, HARRIS, SIEGEL & EYRICH, LLC
      2900 Chemed Center
      255 East Fifth Street
      Cincinnati, Ohio 45202
      Tel.  (513) 621-2666
      Fax  (513) 621-4896
      Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Plaintiff's Pretrial Disclosures was served via ecf filing this 21st day of December, 2004, to the following:

Elizabeth A. McNellie
Baker & Hostetler
Capitol Square, Suite 2100
65 East State Street
Columbus, Ohio 43215-4260

and

Steven D. Hengehold
Rendigs, Fry, Kiely & Dennis
One West Fourth Street, Suite 900
Cincinnati, Ohio 45202-3688

_____/s/_____
Gregory J. Berberich (0043651)

7

STATMAN, HARRIS, SIEGEL, & EYRICH, LLC
2900 CHEMED CENTER • 255 EAST FIFTH STREET • CINCINNATI, OHIO 45202
(513)621-2666 • FAX NO. (513)621-4896