UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EASTSIDE LINCOLN MERCURY, *et al.*, | : |
| Plaintiffs, | : |
| v. | : Case No. 1:01cv00567 |
| | : Judge Susan Dlott |
| FORD MOTOR COMPANY, *et al.*, | : |
| Defendants. | : |

**FORD DEFENDANTS' REPLY BRIEF IN SUPPORT OF OBJECTIONS TO
PLAINTIFF'S PRETRIAL EXHIBIT DISCLOSURES**

Plaintiff fails to offer any valid reason that the Court should accept the late filing of its Federal Civil Rule 26(a)(3)(C) Pretrial Exhibit Disclosures. Plaintiff's contention that fourteen days was insufficient time to identify and disclose exhibits is without merit. This case is almost three and one-half years old and Plaintiff has had more than enough time to identify trial exhibits. Indeed, the Ford Defendants, who had the same number of documents to review, timely filed their disclosure.

*More importantly, Plaintiff never moved the Court for additional time to file its disclosure.* If Plaintiff did not have sufficient time to review and identify trial exhibits, then it should have followed the procedures set forth in the Civil Rules for requesting additional time. Instead, Plaintiff simply ignored the deadline, filed the disclosure late, and now asks the Court to overlook its dilatory conduct.

Plaintiff does not and cannot deny its consistent failure to abide by Court imposed deadlines. Plaintiff, however, minimizes its dilatory conduct and attempts to lay blame on the Ford Defendants for raising this matter. The fact remains that Plaintiff's late filing is not an isolated incident, but rather part of a pattern of disregard for Court imposed deadlines that has

caused the Ford Defendants to incur significant and unnecessary attorneys' fees. It is a pattern of disregard that demonstrates a lack of respect for the Court and opposing counsel. Plaintiff's pattern of conduct should have consequences and, accordingly, the Ford Defendants request that the Court strike Plaintiff's Pretrial Exhibit Disclosures and preclude Plaintiff from offering any exhibits at trial.

Even if the Court does not preclude Plaintiff from offering any exhibits at trial, it should preclude Plaintiff from offering exhibits produced by Defendants nos. 163 and 164, and exhibits that do not bear a discovery document number, or that were identified in expert reports nos. 2, 11, 15, 16, 18, 19, 22, 26-39 and 41 (hereinafter "exhibit") because they were not appropriately identified as required by Federal Civil Rule 26(a)(3)(C). Federal Civil Rule 26(a)(3)(C) requires the "appropriate identification of each document or other exhibit" to be used at trial. Plaintiff's disclosures do not comply with the Rule.

With respect to exhibit 16, Plaintiff's use of a "catch-all" is not "appropriate identification" and places an unfair burden on the Ford Defendants. Plaintiff claims that all "the parties to this case know which documents were used in deposition" but the fact remains that the Ford Defendants will still need to review more than twenty depositions to identify all of the exhibits, and then prepare for trial as if the deposition exhibits will be used trial exhibits. Plaintiff's Memo at 5. Given that Plaintiff unilaterally took additional time to file its disclosure, a "catch-all" exhibit should be unnecessary.

Plaintiff correctly states that exhibits 163 and 164 appear to be documents produced by Ford in discovery. But without a bates number or some other identification, the Ford Defendants are forced to interpret Plaintiff's description of the documents. To the extent the Ford

2

Defendants' interpretation is inconsistent with Plaintiff's, the Ford Defendants will be unable to adequately identify the exhibits and prepare for trial.

Plaintiff's assertion that the remaining exhibits at issue "are documents that were relied upon by Plaintiff's expert and, in some instances, by Defendants' expert" is not true. Notwithstanding that issue, the exhibit disclosures still do not comply with the Federal Civil Rules. For instance, exhibit 15 is identified as "All correspondence between ELM and LM Division of Ford, or between counsel for the respective parties, related to relocating and/or dueling ELM." Plaintiff's Pretrial Exhibit Disclosure at 13. Without a more detailed description, such as identifying author or date, the Ford Defendants will not be able to identify all of the documents that fall within this amorphous category. Exhibit 27 is described as "Prime interest rate detail." *Id*. The Ford Defendants have no way of discerning what documents Plaintiff is attempting to describe.

Even if the Ford Defendants are able to interpret Plaintiff's exhibit descriptions, they will then be forced to undertake the task of locating the documents. Plaintiff concedes that "[t]ens of thousands of documents have been produced in this case." Plaintiff's Memo at 2. Yet, Plaintiff expects the Ford Defendants to do its work by locating Plaintiff's exhibits. Unfortunately, Plaintiff's indifference to the unnecessary time and money that the Ford Defendants will waste attempting to decipher Plaintiff's disclosure and identify the exhibits is not surprising.

Plaintiff's failure to appropriately identify its exhibits is simply another example of Plaintiff's persistent failure to abide by the Federal Civil Rules, and the Court should preclude Plaintiff from offering the improperly identified exhibits at trial. In the alternative, Plaintiff should be ordered to properly identify its exhibits and the Ford Defendants should be granted leave to make any additional objections after that disclosure.

Respectfully submitted,

/s/ Elizabeth A. McNellie
Elizabeth A. McNellie (0046534)
Baker & Hostetler LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215
(614) 228-1541

Trial Attorney for Defendants
Ford Motor Company, Jerry Carter, and A.W. Walls

OF COUNSEL:

George W. Hairston (0030507)
K. Issac deVyver (0072633)
John J. Frost (0077003)
Baker & Hostetler LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215
(614) 228-1541
(614) 462-2616 (fax)

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed to Alan J. Statman, Esq., and Gregory J. Berberich, Esq., STATMAN, HARRIS, SIEGEL & EYRICH, LLC, 2900 Chemed Center, 255 East Fifth Street, Cincinnati, Ohio 45202, counsel for plaintiffs, and Steven D. Hengehold, Esq., and James J. Englert, Esq., RENDIGS, FRY, KIELY & DENNIS, LLP, 900 Fourth & Vine Tower, Five West Fourth Street, Cincinnati, Ohio 45202, counsel for defendants Robert C. Reichert and Kenwood Dealer Group, Inc., by regular U.S. mail, postage prepaid, and sent electronically to these same individuals, this 3rd day of January, 2005.

/s/ K. Issac deVyver
K. Issac deVyver