

FILED
JAMES BONINI
CLERK

05 JUN 17 AM 11: 24

Alan J. Statman (0012045)
Lawrence A. Flemer (0018673)
Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| EASTSIDE LINCOLN MERCURY, INC. ET AL., | : | CASE NO. 01CV00567 |
| | : | |
| Plaintiffs, | : | Judge Dlott |
| | : | |
| v. | : | |
| | | PLAINTIFFS' MOTION TO ENFORCE |
| FORD MOTOR COMPANY, ET AL., | : | SETTLEMENT AGREEMENT |
| | | |
| Defendants. | : | |

Plaintiffs hereby move the Court for an order to enforce the settlement agreement entered between the parties and pursuant to which Plaintiff Eastside Lincoln Mercury voluntarily resigned its Lincoln and Mercury dealerships, effective May 19, 2005. Despite demand, Defendant Ford Motor Company has refused to pay sums due to Eastside thereunder in connection with Ford's Operational Support Program. This program obligates Ford to provide payments for vehicles in the dealer's inventory as of April 1, 2005. Eastside remained a viable Lincoln dealership at that time and is entitled to the payments. Because Ford's refusal is in direct violation of the program rules, and in all respects groundless, Plaintiffs request that the Court award the attorney fees incurred by Eastside in connection with this motion.

This motion is supported by the Affidavit of George Beattie with supporting exhibits, and the Settlement Agreement, all separately filed under seal, and the accompanying memorandum.

Respectfully submitted,

*/s/ Lawrence A. Flemer*

Alan J. Statman (0012045)
Lawrence A. Flemer (0018673)
STATMAN, HARRIS, SIEGEL & EYRICH, LLC
2900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Tel.   (513) 621-2666
Fax   (513) 621-4896
Attorneys for Plaintiffs

## MEMORANDUM

### I. INTRODUCTION

After three and a half years of litigation brought largely because Defendant Ford Motor Company ("Ford") refused to honor its contract obligations under its dealership agreements with Eastside Lincoln Mercury ("Eastside" or "ELM"), the parties entered into a Settlement Agreement under which Eastside agreed, among other things, to voluntarily resign its Lincoln and Mercury dealership agreements in exchange for payments and other consideration set forth therein. Ford is now refusing to honor the Settlement Agreement. Specifically, Ford is denying its obligation to pay Eastside operational support payments due

2

on Lincoln vehicles in its inventory prior to the dealership resignation date. Prior to the resignation date, Ford prepared and forwarded to Eastside its list of "Operational Support Pending Payments" confirming the payments due on each vehicle. Just three days before the resignation date, Ford representatives discussed the issue with Eastside and again confirmed that these payments were due.

Since the resignation date, Ford has refused Eastside's demand for the subject payments and has violated the Settlement Agreement by doing so. The following factual background is relevant.

## II.    Factual Background.

Following extended negotiations and a court-sponsored mediation in January 2005, the parties reached an agreement in principle on the cash elements of a settlement and the disposition of Eastside's Lincoln and Mercury franchises. Issues relating to the resignation of the dealerships and the repurchase of vehicles and parts in Eastside's inventory were then negotiated, and terms were established for the inspection and return of the vehicles and the payment of the repurchase funds and additional cash amounts to Eastside. These matters were set forth in a Settlement Agreement and Release as summarized below.

### A.    The Settlement Agreement.

The Settlement Agreement was finalized in late April and signed by Eastside on April 29, by Ford on May 2, and by Defendant Reichert/KDG on May 3, 2005. The Agreement states that the parties intended to address and resolve, and the Defendants sought release from, all claims existing now or in the future against the Defendants:

4. <u>Release and Discharge</u>

(a) <u>Released Claims</u>

    In consideration of the mutual covenants provided in this Agreement, Plaintiffs ("Releasors") . . . hereby release and forever discharge Jerry Carter, A.W. Walls, Robert C. Reichert, personally, and Ford and Kenwood Dealer Group . . . (collectively "Releasees") of and from any and all actions, causes of action, demands, debts, damages . . . Releasors have, may have had, or may have in the future . . .

(Settlement Agreement pp. 3-4)

Under the Agreement, the resignation of Eastside's dealerships was effective May 19, 2005.[1] In addition to the cash amounts agreed to be paid to Eastside to conclude the litigation, the Agreement, at Exhibit D, provides that Ford will repurchase new vehicles in Eastside's inventory[2] on the pricing terms set forth therein. Payments due under the 2005 Operational Support Program are not mentioned in the repurchase pricing formula, and thus were not included in the repurchase funds paid to Eastside.[3]

Significantly, the Settlement Agreement ***did not extinguish*** or foreclose claims for incentive programs or vehicle allowances which Ford agreed in writing to pay outside of the Agreement, for matters unrelated to the Agreement. The Agreement states:

4. <u>Release and Discharge</u>

(b) <u>Released Claims</u>

    [Plaintiffs hereby release Defendants from all claims]  *  *  *  except only such obligations, if any, as Ford may have to Eastside Lincoln Mercury, Inc. under its Lincoln and Mercury Agreements . . . and the offer of sale and voluntary resignation benefits set forth in Exhibit D to this Agreement, or for sums of money which Ford may have agreed in writing to pay outside of this Agreement, for matters unrelated to this Agreement, to Eastside Lincoln Mercury, Inc., including without limitation valid and eligible claims for warranty work, sales incentives or allowance, and model year end rebates and benefits under the terms of Paragraph 21

---

[1] Settlement Agreement, Section 1, page 1.
[2] The repurchase provision is subject to a vehicle mileage limitation not relevant to this motion. See Settlement Agreement, Exb D (1) (e).
[3] Settlement Agreement, Exb. D (1) (c), (d) and (g).

4

and 22 of said Sales and Service Agreements.

(Settlement Agreement pp. 3-4)

**B. Ford's 2005 Operational Support Program.**

Filed contemporaneously with this motion is the affidavit of George Beattie, ELM's General Manager. Mr. Beattie was responsible for ELM's participation in all vehicle sales support and incentive programs offered by Ford, including the Lincoln 2005 Operational Support Program.[4] Eastside enrolled in this program in February 2005.[5] According to the program rules, funds were payable based on the dealer's new vehicle orders, not sales.[6] The program is to provide operational support payments to for all Lincolns in the dealer's inventory on April 1, 2005, or ordered by the end of the year.[7]  On April 1 Eastside had twenty Lincolns in its inventory. [8]

Prior to May 16, 2005,  Eastside received a list prepared by Ford showing the operational support payments due on the twenty vehicles in question.[9] This list, entitled "Eastside Lincoln Mercury Inc. Lincoln Operational Support Pending Payments" ("payment list")  identifies each vehicle by vehicle identification number, gives the payment due for that vehicle, and shows the total due Eastside of $16,516.92. [10]

On May 16, 2005 Ford representatives came to Eastside to inspect the vehicles being repurchased by Ford in conjunction with the dealership resignations. During the visit the Ford representatives also reviewed the operational support  payment list with Mr. Beattie and

---

[4] Beattie aff. para. 3.
[5] Beattie af. Para. 4.
[6] Beattie aff. para. 5 and Exb 1 thereto.
[7] Id.
[8] Beattie aff. para. 5.
[9] Beattie aff. para. 6.
[10] Beattie aff. para. 6 and Exb 2 therteto.

5

confirmed that ELM was entitled to receive the amounts shown.[11]

Following the May 16 meeting, Eastside's counsel inquired about the timing of the payments and whether they could be made sooner than the date provided under the program's payment schedule.[12] In response, Ford has denied ELM's claim in its entirety.[13]

### III. ARGUMENT

Eastside continued to operate as a Lincoln dealership until May 19, 2005—the agreed resignation date under the Settlement Agreement. It had previously enrolled in the 2005 Operational Support Program and was entitled to receive funds for the Lincolns in its inventory as of April 1, 2005 per the program rules. There were twenty such vehicles in its inventory as of that date. Before the resignation date, Eastside received Ford's own payment list, confirming the amounts due on each of these vehicles. Pending payments are those which are payable. And the list represents Ford's acknowledgment and agreement in writing to pay them.

Additionally, just three days short of Eastside's resignation date, Ford representatives confirmed again that the operational support payments were due. There was no debate or objection from Ford about the eligible vehicles, the amounts payable, or any other issue associated with Eastside's right to receive these funds. There should be none now.

Ford cannot argue that the operational support payments have been included in the payment it has made to Eastside to repurchase the vehicles. The 2005 Operational Support Program and Ford's payment list are not even mentioned in the repurchase pricing formula and clearly represent a separate, still unmet obligation.

For the foregoing reasons, this Court should enter an Order requiring Ford to pay

---

[11] Beattie aff. para. 8.
[12] At enrollment Eastside elected a payment in January 2006.. Beattie aff. para. 4.
[13] Beattie aff. para. 9.

Eastside the sum of $16,516.92 in operational support payments. Further, because Ford's refusal to pay is without justification, Eastside should be awarded its attorney fees to obtain the requested relief.

*/s/ Lawrence A. Flemer*

Alan J. Statman (0012045)
Lawrence A. Flemer (0018673)
STATMAN, HARRIS, SIEGEL & EYRICH, LLC
2900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Tel.   (513) 621-2666
Fax   (513) 621-4896
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion was served via ordinary U.S. mail on this 17th day of June, 2005 to the following:

Elizabeth A. McNellie
Baker & Hostetler
Capitol Square, Suite 2100
65 East State Street
Columbus, Ohio 43215-4260

Steven D. Hengehold
Rendigs, Fry, Kiely & Dennis
One West Fourth Street, Suite 900
Cincinnati, Ohio 45202-3688

Lawrence A. Flemer (0018673)