IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| EASTSIDE LINCOLN MERCURY, INC., *et al.* | :: | Case No. C-1-01-567 |
| | : | |
| Plaintiffs | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER DENYING |
| | : | PLAINTIFFS' MOTION TO |
| FORD MOTOR CO., *et al.* | : | ENFORCE SETTLEMENT |
| | : | AGREEMENT |
| Defendants | : | |

  This matter comes before the Court on Plaintiffs' Motion to Enforce Settlement Agreement (doc. #113). Plaintiffs in this case are Eastside Lincoln Mercury, Inc., and William Woeste, Jr. Though Ford Motor Co. ("Ford") has co-defendants, Plaintiffs' motion is directed solely at Ford. For the reasons stated below, the Court **DENIES** Plaintiffs' Motion (doc. #113).

  The Court held a settlement conference with the parties on January 12, 2005 and a status conference on January 20, 2005. On January 28, 2005, having been advised that the parties had settled the case, the Court entered an order dismissing the case with prejudice (doc. #106). That order provided that: 1) the case could be reopened should the parties inform the Court by February 28, 2005 that a settlement had not been consummated; 2) the Court retained jurisdiction to enforce a settlement agreement reached by the parties; 3) the parties may substitute for the Court's order a judgment entry contemplated by a settlement agreement; and 4) should the parties submit such a judgment entry, and agree that the Court should maintain

jurisdiction to enforce such a settlement agreement, the parties must include language to that effect in the judgment entry. (See doc. #106.) The Court extended this conditional order of dismissal until March 31, 2005 (See doc. #107.) On May 3, 2005, the parties filed a Stipulation of Dismissal with Prejudice (doc. #112). Pursuant to the Stipulation, the parties dismissed the case with prejudice, "provided, however, that this Court retains continuing jurisdiction to resolve any and all claims or controversies concerning enforcement of the parties' settlement agreement." On June 17, 2005, Plaintiffs filed a copy of the parties' Settlement Agreement under seal (doc. #114), as well as the motion to enforce the agreement.

Plaintiffs request that this Court enter an order requiring Ford to pay Eastside $16,516.92 in operational support payments allegedly required under Ford's Operational Support Program and the Settlement Agreement. Ford opposes Plaintiffs' motion both on the merits and on the grounds that this Court lacks jurisdiction to consider Plaintiffs' motion. Specifically, Ford argues that this Court does not have jurisdiction to consider Plaintiffs' request because it is not a claim or controversy concerning enforcement of the Settlement Agreement.

Plaintiffs have the burden of proof that this Court has jurisdiction as they are the parties asserting that jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am, 511 U.S. 375, 377 (U.S. 1994). "Enforcement of [a] settlement agreement . . . requires its own basis for jurisdiction." Id. at 378. Kokkonen provides that a court retains jurisdiction to enforce a settlement agreement only if it specifically states its intention to do so in its order dismissing the case. See McAlpin v. Lexington 76 Auto Truck Stop, Inc. 229 F.3d 491, 501-02 (6th Cir. 2000) (citing Kokkonen). This Court reserved such authority in its conditional order granting dismissal (doc. #106), and the parties indicated their intention that the Court should retain such jurisdiction in their

Stipulation dismissing the case (doc. #112).  Thus, if Plaintiffs' motion involves enforcing the settlement agreement, the Court has jurisdiction to enforce the agreement.  Ford argues, however, that the issue of Ford's liability for the operational support payments in question was expressly excluded from the Settlement Agreement, and thus, because the parties' Stipulation maintains this Court's jurisdiction only as to matters concerning the Settlement Agreement, the Court lacks jurisdiction to consider Plaintiffs' motion.

      Ford is correct.  The Settlement Agreement provides, in part:

> Plaintiffs...hereby release and forever discharge . . . [Defendants] of and from any and all actions, causes of action, claims [etc.] . . . except only such obligations, if any, as Ford may have to Eastside Lincoln Mercury, Inc. . . . for sums of money which Ford may have agreed in writing to pay outside of this Agreement, for matters unrelated to this Agreement, to Eastside Lincoln Mercury, Inc., including . . . sales incentives or allowance.

Plaintiffs cited this section in their motion as evidence that the Settlement Agreement did not extinguish claims related to incentive programs or vehicle allowances, such as the operational support program at issue here.  (See doc. #113, pp. 4-5.)  By the plain terms of the Settlement Agreement – and by Plaintiffs' own admission – a claim like the current claim was not resolved by the Settlement Agreement.  There is thus no provision of the Settlement Agreement regarding Plaintiffs' claim for this Court to enforce.

      The case before the Court was dismissed with prejudice.  Plaintiffs' claim is not a claim or controversy concerning enforcement of the parties' settlement agreement, so the Court does not have jurisdiction to hear their claim on that basis.  Plaintiffs have not shown any other basis for this Court's jurisdiction, thus failing to meet their burden of proof.  The Court therefore

**DENIES** Plaintiffs' Motion to Enforce Settlement Agreement for lack of jurisdiction (doc. #113).

    IT IS SO ORDERED.

                          ___s/Susan J. Dlott_____
                          Susan J. Dlott
                          United States District Judge